Lane, C. J.
The validity of transfers of land, by virtue of legal proceedings, are frequent subjects of examination in courts of justice. The governing principle in these eases, is, that whoever assumes to exercise powers conferred by law, must first show jurisdiction over the subject
The judicial proceedings of courts of general jurisdiction, exer *272 cising the ordinary powers of chancery or of common law, are presumed to he regular, and such courts are presumed to act within the scope of their authority. Every intendment will be made to support their powers. Yet, even in the proceedings of these courts, if they transcend the limits which the law prescribes, and assume to act where they have no jurisdiction, their acts are utterly void. Borden v. Fitch, 15 Johns. 121; Mills v. Martin, 19 Johns. 33; Latham v. Edgarton, 9 Cowen, 227 ; Snyder v. Snyder, 6 Binney, 483 ; Sumner v, Parker, 7 Mass. 79 ; Smith v. Rice, 11 Mass. 507.
I do not here inquire whether the mere omission of showing jurisdiction on the record invalidates their acts, or whether such judgments, although void when viewed as the foundation of rights, may not have some efficacy when used defensively, as ground of protection; but it may well be doubted whether it is not necessary to impeach them by positive proof of a want of authority.
Tucker v. Oxley, 5 Cranch, 185 : Exparte Tobias Watkins, 3 Peters, 193,202; Voorhees and others v. Jackson, 10 Peter, 449; Wood v. Mann, 1 Sumner, 578; McCormick v. Sullivant, 10 Wheaton, 192.
But how far such judgments are void or voidable, and whether there 272] exists any difference between the law and the *chancery rules of our courts, on these points, are matters which may be settled when eases shall arise that demand it.
Neither is it necessary that I should do more than allude to proceedings in rem. Of this class are proceedings among heirs for partition.
Glover’s heirs v. Ruffin. 6 Ohio, 255 ; Pillsbury v. Dugan’s Administrator, 9 Ohio, 117.
Proceedings by guardians to sell the land of their wards. Stall v. McAlister, 9 Ohio, 19. And proceedings by administrators before 1824, to sell decedents’ lands. 7 Ohio, 201.
These have properly no parties ; the possession of the object is sufficient notice to all who have rights to assert them. The authority of the courts depends upon having the subject of their action within their control. The legislature may require or dispense with notice; but the acts of courts are valid, when they have established their jurisdiction over the thing.
Where the law confers upon courts an authority, not after the course of the common law, over property, whose owners are required to be before them as adversaries, they act'as tribunals of special and limited jurisdiction. Bend v. Susquehanna Bridge and Bank Company, 6 *273 Harris and Johnson, 130 ; Thatcher v. Powell, 6 Wheaton, 119 ; Denning v. Corwin et al., 11 Wendell, 647 ; Smith v. Fowle et al, 12 Wendell, 9.
It is necessary that such tribunals show they act within the scope of their powers. But after jurisdiction is once acquired, however irregular or erroneous their proceedings may be, they can not be collaterally impeached , and they conclude all persons, unless annulled by certiorari or appeal. A vast body of authorities, bearing on this point, may be found collected in 3 Cowen and Hill’s Notes to Philips on Evidence, 803 ; Ludlow’s heirs v. Johnson et al., 3 Ohio, 553 ; Atkinson v. Jordan et al, 5 Ohio, 294; Glover’s heirs v. Ruffin, 6 Ohio, 255 ; Pillsbury v. Dugan’s administrator, 9 Ohio, 117 ; Stall v. McAlister, 9 Ohio, 18 ; Thompson v. Tolmie, 2 Peters, 164; Voorhees and others v. Jackson, 10 Peters, 449.
*All these cases, however, assume that the jurisdiction of the [273 court is first established ; and no attempts are made to sustain their proceedings by intendment or presumption until after this essential prerequisite. Those judges who have been most ingenious in surmounting the irregularities of such tribunals, have been careful to show how the jurisdiction was not contested.
In Voorhees and others v. Jackson, 10 Peters, 449, the judge while obviating objections to irregularities, is careful to say they do not apply “ to the jurisdiction of the court over the case, to the cause of action, or to the property attached.” So Duncan, J., in 11 Serg. and Rawle, observes, that “ the purchasers need not look to matters previous to the decree, except to the jurisdiction and the parties.” And the reports of our own state carefully notice in this class of eases, that the jurisdiction has first attached. Glover’s heirs v. Ruffin, 6 Ohio, 255 ; Pillsbury v. Dugan’s administrator, 9 Ohio, 117.
But this want of jurisdiction may always be shown, as it renders the act done void or unavailable for every purpose. Slocum v. Wheeler, 1 Conn. 429 ; Mills v. Martin, 19 Johns. 33 ; Hyde v. Stone, 9 Cowen, 230.
The case of Weyer v. Zane, 3 Ohio, 306, deserves a passing notice in this' connection. The report assumes that a judgment without process is not void, and that the proceedings of a competent and authorized court can not be so irregular as to be a nullity. We find no fault with the judgment; it was in strict accordance with law. The practice act of 1813, 2 Chase’s Stat. 795, sec. 8, provided that the sheriff might take a “judgment bond ” from a defendant to whom he had returned goods, *275 after levy; and when amerced for not making money, he might have judgment on the bond, at the same term, without further process.' The proceeding in that ease was under this statute ; and the reporter, without adverting to these provisions, has sought to justify a sound judgment, by stretching good principles too far,
*Applying our doctrines to the ease before us, we find that the Common Pleas, exercising the powers of a court of Probate, possessed the jurisdiction of ordering the sale of the decedent’s estate, upon a petition by the administrator against the heir. The jurisdiction did not vest unless the land belonged to the decedent. Griffith v. Frazier, 8 Cranch, 9, 24 ; Moore v. Tanner’s administrator, 5 Monroe, 46. Nor unless process was served upon the heirs. Messenger v. Kenter, 4 Binny, 97 ; Smith v. Rice, 11 Mass. 507, 513 ; Procter v. Newhall, 17 Mass. 81, 91 ; In the matter of Hemiup, 2 Paige, 320 ; In the matter of Hemiup, 3 Ibid. 310 ; Hallett v. Hare, 5 Ibid. 316.
The heir has a right to be a party to the proceedings, which deprive him of his estate; and we are constrained to deny the jurisdiction of a court which attempts to proceed without him.
It will be seen that this opinion affects no proceedings except those since 1824.
Motion overruled.
Note. After the foregoing opinion was pronounced, a motion was made for a new trial, on the ground of newly discovered evidence, which, upon special circumstances in this case, affecting subsequent purchasers, was sustained, and a new trial ordered.