Birchard, J.
The objection to the introduction of this deed presents a new and interesting question. One that merited all the attention it has received from counsel, and all that we have been able to devote to it. It requires, at our hands, a construction of portions of the act of March 14, 1831 (Swan, 927), and of the act of January 21, 1833. 31 Stat. 20.
Section 1 of the act of 1831 provides for the sale of lands which had become forfeited to the state, for the non-payment of taxes prior to January 1, 1831, and all lands that might thereafter become forfeited; declaring that they “ shall be sold and disposed of by the State .of Ohio, agreeably to the provisions of this act.”
^Section 2 requires the auditor of state to enter all lands forfeited prior to 1831 in a book.
Section 3 requires him to transmit to each county auditor, at the time he transmitted the county duplicate for 1831, a list, under his hand and seal, of the forfeited lands lying in such county, setting forth the names of the persons to whom such lands stood charged with taxes, specifying the amount for each year, with the year 1831, and for what years.
Section 4 provides that the county auditor, on receiving such list, the tax, etc., remaining unpaid on October 15, 1834, shall forthwith advertise a sale to be holden on the second Monday of December thereafter, at the court-house, etc., and, at the day of sale, the tax still remaining unpaid, the land shall be sold in separate tracts, in consecutive order, to the highest bidder.
Section 6, so far as applicable to the question, reads thus: “ That the county auditor in each county, on a sale being made by him, of a tract of land to any person or persons, under this act, shall give to such purchaser or purchasers, a certificate of such sale.” . . . “On producing or returning to the county auditor the certificate of sale, when the said tract sold is an entire original tract, or when the said tract so sold is holden in common with any other person or persons.” . . . “ The county auditor shall, on the *217 purchaser or purchasers, his or their heirs, assignee or assignees, paying to him the sum of $1.25, execute and deliver to such purchaser or purchasers, his or their heirs, assignee or assignees, a deed therelor, in due form; which deed shall be prima facie evidence of title in the purchaser,” etc.
Then follows the proviso, that persons under disability may redeem ; and the further proviso, that the sale shall be void, and purchase money be refunded from the state treasury, when the taxes shall be regularly paid previous to the sale.
Section 7 declares, “ that any person or persons claiming any land, etc., by virtue of any sale made by the provisions of this act, as tenant in common with any other person or ^persons, may apply for partition of the same, in the same manner as is now, or hereafter may be provided, for the partition of real estate; and, on presenting the county auditor’s‘deed, the court before whom application for partition, as aforesaid, is made, shall set off to such person or persons, the land claimed in said deed, as his or their share,” etc. The act of January 24, 1833, changed the day of sale from the second Monday in December to the second Monday in July, and is no further applicable to .the question before us. Having shown how the written law reads, we are prepared to consider the objection that is made to the introduction of the deed, which is, that it is no evidence of title by itself, without preliminary proof showing the regularity of the proceedings recited in the deed, and required by the statute. The objection would seem to be only a contest between the parties, to shift from one to the other the burden of proof. To try whether the plaintiff shall take the onuftkof showing the regularity of the sale, and all the preliminary steps preparatory thereto, or whether the person seeking to avoid the deed, shall be required to produce the proof manifesting its defects.
No one can doubt for a moment the power of the legislature to cast the burden upon either party. They could say that the one should bear it and the other be relieved from it. If they saw proper to cast it upon the respondent, it is not our province to relieve him or to gainsay the propriety of the act. The respondent’s counsel think they have not done so; and whether or not he is mistaken, is the inquiry we have to make.
Suppose we take up the act, allow it to speak for itself, and consider its force, divested of all extraneous influences. It speaks *218 thus: “ Which deed shall be prima eacie evidence of title in the purchaser.” Would any one capable of feeling the force of the English language, hesitate as to the meaning of this sentence ? Above all, would he come to a conclusion that the deed is no evidence at all? Some things are so clear, that an attempt to make them more clear, tends only to obscurity. This, I take it, is one of them. There is no obscurity about it. *The language of the seventh section is equally certain : “ And, on presenting the county auditor's deed, the court shall set off,” etc. This language is precise, express, direct, and such as admits of no doubt. It makes the deed, while unimpoached, evidence — evidence, in and of itself, without any other proof. But it is supposed that, however else the meaning of these words of the statute may be, when tested by their ordinary acceptation; yet, in a judicial sense, they as clearly mean something more than is said. This deserves consideration. When particular words and phrases have in law acquired a fixed legal signification, and are thus incorporated into a statute, the legal presumption is, that the legislature meant'to use them in this legal sense. The rule is undoubted. But these words are not of that class. Nothing like them is to be found in any previous statute. Indeed, in looking into the former legislation upon the subject of taxes and tax titles, one would almost be led to believe that, for many years, a continual struggle bad been kept up between different branches of government. The courts, on one hand, trying to avoid them, upon the notion that they took acres for cents, and were not to be favored; and the legislature, on the other, striving to make them good, and thus prevent the public treasury from becoming bankrupt, by the use of language direct clear and mandatory, as their capacity would enable them to command. Any such conclusion would bo doubtless erroneous.. Certainly it would, so far as this court is concerned. There is no member of it that does not feel and has not felt the necessity of sustaining tax titles, whenever they were susceptible of support, as well for the interest of the state, as for the protection of landholders. As well to enable the former to compel each individual to bear his just proportion of the expenses of government, as to prevent the property of the other from being sacrificed, by sale of many acres to pay a small tax, for want of competition, and on the supposition that the title would be worthless.
*219 The eaáe of Carlisle’s Lessee v. Longworth, 5 Ohio, 368, has been cited to sustain this objection.
*It is true, in that case, an auditor’s deed was held not to be evidence of a good and valid title, until it was first shown by the purchaser that the lands had been duly advertised and sold for taxes; and that the person in whose name the lands were sold, had the title. But the deed which was involved in that investiga,tion was made under a different statute — the act of 1825. A critical examination will show that act to have been drawn with less care than this, and consequently its meaning was more obscure. The words of sections 6, 7, and 8, of the act of 1825, declare that the deeds of the land purchased under it should convey to the purchaser a good title in law and equity. Section 9 also declared, “ the deed made by the county auditor, as hereinbefore specified, shall be received in all courts as prima facie evidence of a good and valid title.” It was upon the peculiar wording of the act that the majority of the court held the preliminary proof necessary. The deed was evidence under that statute, when made pursuant to its provisions. To enable the court to say that the provisions of the statute had been pursued, it became necessary that they should know what had been done. Such was the reasoning of the court. Indeed, a remark in the opinion shows that, to the language used in the act of 1831, a different construction would have been given. “ The legislature (says the judge in delivering the opinion) do not say that a deed, made by the county auditor, shall be received as prima facie evidence of a good and valid title, but the deed, as hereinbefore specified. In other words, the deed made by the auditor, in pursuance of the act.” Now, in the act of 1831, the legislature has said, in substance, a deed, etc., for which deed, connected as it is with the remainder of the sentence, is in effect the same thing as a deed; so far from being an authority against this construction, if the argument be carefully considered, the case in 5 Ohio will be found to support it.
Cause certified to the circuit and continued for further proceedings.