Wright, J.
Several grounds of demurrer are argued:
1. That petition shows no breach of the bond.
2. Plaintiff shows no authority to sue.
3. Causes of action are improperly joined.
It is provided by statute “ that in all cases when the powers of an executor or administrator have' ceased, by death, removal, resignation, or in any other manner, any succeeding administrator or co-executor or co-administrator, may maintain an action on the bond of such executor or administrator, whose powers have ceased, against any of the obligors thereof, or their legal representatives, for any breach of the conditions of said bond.” S. & C. 619.
The form of this class of bonds is also prescribed by statute. They are conditioned, among other things, to the effect that an executor shall “ administer according to law, and to the will of the testator, all his goods, chattels, etc.” The bond itself, which is attached to and made part of the petition, is conditioned that the executor “ shall administer according to law. and to the will of the testator, all his *369 goods, chattels, etc.,” and the petition avers, as we have seen:
That there came to the possession of the said Samuel Winegartner, as such executor, a large sum of money, being assets belonging to the estate of the said Henry Schnebley, deceased, which he did not administer according to law and the will of said testator.
It is further averred that Winegartner’s account as executor showed that there was a large sum due from him to Schnebley’s estate, of which he was executor. That this sum is still due and unuaid. That Winegartner has died insolvent.
We think the whole petition, with its fair intendments,, does show a breach of the bond, sufficient at least for the purposes of a demurrer. Some of ithe objections made by opposing counsel might be held valid upon a motion to-make definite and certain, but such objections must be taken by motion, and not by demurrer. It is so held in Union Bank v. Bell, 14 Ohio St. 208; Trustees, etc. v. Odlin, 8 Ib. 293; Lewis v. Coulter, 10 Ib. 451.
We may say in this case, as was said in Meara’s Adm’r v. Holbrook, 20 Ohio St. 146, “ Although the allegations in the' petition are not full and definite, in the absence of any motion to make them more specific and definite, we think they may be regarded as sufficient in substance.”
2. It is urged that plaintiff has no authority to sue, because no leave of the court so to do had been obtained. It is perhaps enough to say that the statute under which this suit is brought, already quoted, provides that the administrator de bonis may bring this action “ in all cases,” not those alone in which leave had been obtained. The reasoning of the court, in State v. Cutting, 2 Ohio St. 8, where this question of leave is considered, shows that the necessity of such leave can not exist in a case like the present.
The objection also that the petition does not show that the administrator, plaintiff in this action, had given bond *370 can not prevail. Upon the allegation being made that the party was an administrator it will be presumed as against a demurrer that he had taken these necessary steps without which he could not have entered upon the active duties of his office, and that he had given bond. As in the case of Meara’s Adm’r v. Holbrook, it was sufficient to allege that the party was a receiver, without entering into the particulars of his appointment or qualification.
The third objection is that causes of action are improperly joined. It is true that the action is against the executors of the party surety on the bond, as well as his devisees. But we apprehend, if a good case is made against the executors, that case is not spoiled by joining other parties ¡against whom no case exists. At least the executors can not complain, as was held in Powers v. Bumcratz, 12 Ohio St. 273.
Again, the statute says the action may be against the •obligor of the bond or his “ legal representatives.” As •■these words have an extended application, it might well be that the action could be maintained against both sets of representatives, under section 80 of the code, which allows the joinder of several causes of action, where they arise -out of the same transaction.
Upon the whole case, we are of opinion that the Court of Common Pleas erred in sustaining the demuri’ers, and the judgment will be reversed and cause x’emanded for further proceedings.

■Judgment accordingly.

Scott, Chief Judge, Day, Johnson, and Ashburn, JJ., concurred.