ARCHIBALD FARR, Respondent, *v.* JOHN P. NICHOLS, Impleaded, etc., Appellant.

A mortgage, the expressed consideration of which was $15,000, was given as security for the payment "of any and all notes, checks and drafts" indorsed by the mortgagee for the accommodation of the mortgagor, or of any firm in which he "is interested or in any manner connected." At the time it was given there was but one note outstanding; this was for $3,000, indorsed by N., the mortgagee, for the benefit of the mortgagor, and was paid by the latter. Subsequently the mortgagor executed another mortgage to D. N. thereafter, without notice of the second mortgage, and before it was recorded, indorsed other notes for the mortgagor, which he paid. In an action to foreclose the first mortgage, *held,* that as between the parties it was proper to show the circumstances, to aid in ascertaining the intent of the parties, and viewed in their light, the intent appeared to be to cover future as well as existing indorsements; also, that as plaintiff was not affected by the mortgage to D. the same rule of construction applied as to the latter; and that plaintiff's mortgage was a valid and prior lien.

(Argued March 14, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 9, 1890, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was to foreclose a mortgage given by the defendant Doxstater to the plaintiff upon three parcels of land June 18, 1888, and recorded · April 8, 1889. The expressed consideration was $15,000, and was given as security to the plain-

tiff for the payment of "any and all notes, checks and drafts indorsed by the said Archibald Farr for the benefit or accommodation of said Robert H. Doxstater or of any firm in which said Robert H. Doxstater is interested or in any manner connected."

Before the mortgage was given the plaintiff had been indorsing for the accommodation of Doxstater and his firm. When the mortgage was given there was outstanding and unpaid one note at three months for $3,000, dated April 16, 1888, made by Doxstater and indorsed by plaintiff. This note was renewed at maturity, and the renewal note paid by Doxstater September 22, 1888.

Meantime and on August 9, 1888, Doxstater executed and delivered to the defendant Nichols a mortgage upon the same premises to secure the accommodation indorsement by Nichols of five promissory notes of the same date made by Doxstater's firm and indorsed by Nichols, amounting in the aggregate to $25,000. Nichols then had no notice of the mortgage to plaintiff. Nichols recorded his mortgage July 24, 1889. Nichols subsequently was compelled to pay upon these notes $14,115, no part of which has been repaid him.

October 22, 1888, the plaintiff indorsed another note for Doxstater's accommodation for $2,000 at ninety days, which being renewed, plaintiff paid in full August 10, 1889.

November 8, 1888, the plaintiff indorsed another note for Doxstater's accommodation for $3,000 at three months, which being renewed, plaintiff paid in full August 30, 1889.

When plaintiff indorsed the two notes last mentioned he had no notice of the existence of the mortgage to Nichols.

The trial court held that plaintiff's mortgage was a valid and prior lien for the amount of plaintiff's payments upon the two notes last mentioned. The court refused to hold that the mortgage to plaintiff was not a continuing security and refused to hold that it only extended to the notes already indorsed by plaintiff at the date of its execution, and also refused to hold that it was invalid as against the mortgage given to Nichols.

Further facts are stated in the opinion.

*Charles Lyons, Jr.,* and *Merritt E. Sawyer* for appellant. The mortgage upon its face clearly shows that it was given as security only for notes indorsed at or prior to the time of its execution, and that it was not intended to cover future indorsements. (*Truscott* v. *King,* 6 N. Y. 147; *Young* v. *Wilson,* 27 id. 351.) If the mortgage does not express the real intention of the parties, it cannot be enlarged or extended as against this appellant. (*A. Bank* v. *Strever,* 18 N. Y. 502; *M. N. Bank* v. *Hall,* 83 id. 338; *Simons* v. *F. N. Bank,* 93 id. 269; *Juilliard* v. *Chaffee,* 92 id. 534; *Cody* v. *M. Bank,* 14 N. Y. S. R. 99; 113 N. Y. 657; *Agawan* v. *Streva,* 18 id. 502; *Truscott* v. *King,* 6 id. 147; *James* v. *Johnson,* 6 Johns. 417; *Shirras* v. *Caig,* 7 Cranch, 34; *Bank of Utica* v. *Finch,* 3 Barb. Ch. 293.) Plaintiff's mortgage must be held to have been discharged and satisfied, and that the same ceased to be a valid and subsisting lien as against this appellant's mortgage. (*Bank of Utica* v. *Finch,* 3 Barb. Ch. 293; *Stoddard* v. *Hart,* 23 N. Y. 556; *Truscott* v. *King,* 6 id. 447.)

*George S. Klock* for respondent. The mortgage was a continuing security to the plaintiff, and secured the two notes indorsed and paid by him. (*A. Bank* v. *Strever,* 18 N.Y. 502; *M. N. Bank* v. *Hall,* 83 id. 338; *Simons* v. *F. N. Bank,* 93 id. 269; *N. C. Bank* v. *Hooper,* 2 N. Y. S. C. R. 288; *Crittenden* v. *Fiske,* 46 Mich. 70; *Bent* v. *Hartshorn,* 1 Met. 24.) A mortgage to secure future as well as present responsibilities is good. (*Walker* v. *Snedider,* 1 Hoff. Ch. 144; *James* v. *Johnson,* 6 Johns. Ch. 429; 2 Cow. 246; *Downing* v. *Palmateer,* 1 Mon. 69; *Star* v. *Ellis,* 6 Johns. Ch. 393; 7 Cranch, 34; *Ackerman* v. *Hunsicker,* 85 N. Y. 43; *Bank of Utica* v. *Finch,* 3 Barb. Ch. 294; *Truscott* v. *King,* 6 N. Y. 147; *Robinson* v. *Williams,* 22 id. 380; *Shirras* v. *Caig,* 7 Cranch, 34; *Lawrence* v. *Tucker,* 23 How. [U. S.] 14; *Leeds* v. *Cameron,* 3 Summ. 492; *Jarret* v. *McDaniel,* 32 Ark. 595; *Sanders* v. *Farrell,* 53 Ind. 28; *Forsyth* v. *Preer,* 62 Ala. 443.)

Landon, J. The appellant claims that the plaintiff's mortgage by its terms covered past indorsements only, and did not cover those for which recovery was had.

This contention is based upon the terms of the mortgage which declares it to be given as security for the payment of "any and all notes, checks and drafts indorsed" by the plaintiff.

At the time plaintiff made his indorsements upon the last two notes of the mortgagor he had no notice, actual or constructive, of the existence of the mortgage to the appellant. He, therefore, had the same right to make indorsements upon the faith of his mortgage security as if the appellant's mortgage had not been made. (*Ackerman* v. *Hunsicker*, 85 N. Y. 43.)

Evidence was received to the effect that when the plaintiff's mortgage was given the plaintiff was indorser for the mortgagor upon only one note. That was for only $3,000, and as the consideration expressed in the mortgage was $15,000, and the mortgage was given to secure payment of "any and all notes, checks and drafts indorsed" by the plaintiff, the inference was justifiable that a series of indorsements to the amount of $15,000, or nearly, was within the contemplation of the parties.

As between the plaintiff and the mortgagor it was proper to show the amount of the plaintiff's indorsements then existing, in order to aid in ascertaining whether they used the word "indorsed" in the mortgage solely with reference to such existing indorsements, or with reference to existing and future indorsements. (*Agawam Bank* v. *Strever*, 18 N. Y. 502; *Simons* v. *First National Bank*, 93 id. 269; *Merchants' Natl. Bank* v. *Hall*, 83 id. 338.)

Since the plaintiff was not affected by the appellant's mortgage, it follows that the appellant was in no position to resist the application of this rule of evidence.

The evidence showing the existence of the note when the mortgage was given, in connection with the evidence touching the two subsequent notes, was necessary to enable the court clearly to understand the subject-matter in controversy.

When the facts were understood the terms of the mortgage were also understood; they were not altered or varied. The mortgage was for the protection of the plaintiff. The words "any and all notes, checks and drafts indorsed" are comprehensive words; there are no words restricting the meaning of the word "indorsed," such as now, heretofore, already, or which have been. The plaintiff may construe the promise as beneficially to himself as its terms will fairly admit.

We think the judgment should be affirmed.

All concur.

Judgment affirmed. _____