(Hamilton County Court of Common Pleas.)

THE GERKE BREWING CO. *v.* JOHN HAGERTY, AUDITOR ET AL.

1. Boards of review are independent tribunals, created by the legislature for the purpose of assisting in carrying on an important branch of the government; clothed with power to add to or deduct from tax returns any amounts upon evidence satisfactory to themselves. While acting within the scope of the authority conferred, their conclusions are not subject to review by the courts, but stand as the judgments of tribunlas entirely independent of any other judicial action than their own.
2. Before the power conferred can be exercised, there must be a concurrence of certain jurisdictional facts: (1) The board must act as a board. (2) The reasons for taking action must be set out in the journal of proceedings. (3) The board must have evidence of some kind on which to base its conclusions.
3. A court of equity can inquire into the existence of these jurisdictional facts, and for that purpose may go behind the record and look into the proceedings; but cannot require the board to disclose what the evidence before it was.

(Decided October, 1894.)

---

HOLLISTER, J.

The plaintiff seeks to enjoin the collection of taxes charged against it on $46,540, an amount added by the Board of Review to its return of the average value of articles on hand during the year preceding April 1, 1892, manufactured or changed in any way either by combination, rectifying, repairing or adding thereto.

The authority under which that board may make additions to tax returns is found in section 2807, Rev. Stat., which, among other things, provides that the board "shall have power to add to the valuation of personal property, or money, or credits of any person returned by the assessor or county auditor, or which may have been omitted by them, or to add other items, upon such evidence as shall be satisfactory to the said boards; but when any addition shall be ordered to be made to any list returned under oath, a statement of the facts on which such addition was made shall be entered on the journal of the board."

The journal shows that the Gerke Brewing Co. appeared in answer to a citation, by J. Herman Grueter, its secretary, "who was sworn and examined as to the various items in the personal return of said company for 1892;" that the board added $46,540 to the return of that company, and formally approved its action, and that the reason for the addition was that "the amount returned * * * in the tax return was, as shown by the evidence, and as found by this board, that much below the actual value of the property that should have been returned." * * *

The reasons for the addition are sufficiently set out, the ultimate fact and not the evidence on which it was founded being stated: *Fratz* v. *Mueller*, 35 Ohio St. 397, 403.

The journal does not show that any other evidence was heard than Grueter's. It is not necessary that it should. But plaintiff alleges that his testimony was true and correct, and "was all the evidence adduced or heard by the board in reference to plaintiff's return, and was, in fact, the only evidence heard by said board. That the addition was made without any evidence to support it or justify it, but was contrary to all of the evidence, and was "unjust and contrary to law, and was arbitrary, and not in the exercise of judgment founded on evidence," and that the action of the the board was therefore void. These allegations are denied. The plaintiff, at the trial, attempted to show what the evidence before the board was. Defendant objected, claiming that the investigation must be limited to the bare inquiry whether or not the board had other evidence before it than that of Grueter.

The determination of the question, how far courts of equity may inquire into the acts of such boards, involves a consideration of their powers.

They are independent tribunals, created by the legislature for the purpose of assisting in carrying on an important branch of government, clothed with power to add to or deduct from tax returns any amounts upon evidence satisfactory to themselves. While acting within the scope of the authority conferred, their conclusions are not subject to review by the courts, but stand as the judgment of tribunals entirely independent of any other judicial action than their own.

The general rule is laid down in *Wagoner* v. *Loomis*, 37 Ohio St. 571, that "the decisions of officers and tribunals specially created and charged in tax laws with the duty of valuing property for taxation and equalizing such values, are final and conclusive." The authority for such rule is abundant. See Cooley on Taxation, page, 748, and cases cited in note 4; and page 749, and cases cited in note 1. Also Desty on Taxation, 498.

In *Heffner, Treasurer* v. *Mahoney*, 19 Bull. 369, Judge PUGH went into an exhaustive and learned discussion of the powers of such boards. From the opinions of text-writers, and the authorities which he cites, he deduces the following rule, covering all of the cases in which a court of equity can interfere with the conclusions or actions of such boards: "A court of equity can not, and will not award relief against a decision of the board of equalization, either by injunction or otherwise; it will not review the board's decision, unless, under some head of equity jurisdiction, it is necessary to prevent a multiplicity of suits; or to remove a cloud from the title to property; or to defeat fraud; or to correct a mistake; or in a case where the board has acted arbitrarily without evidence or knowledge of the facts; or where the board has discriminated against the person seeking relief."

This rule was formulated from and justified by High on Injunctions, secs. 488, 492, 493; *Stewart* v. *Maple*, 70 Pa. St. 221; *Hughes* v. *Kline*, 30 Pa. St. 227; *Mocklot* v. *Davenport*, 17 Iowa, 379; *Merrill* v. *Gorham*, 6 Cal. 41; *Porter* v. *Railroad Co.*, 79 Ill. 561; 2 Desty on Taxation, 661; *Bank* v. *Lawler*, 46 Conn. 243; *Seeley* v. *Westport*, 47 Conn. 294; *Glass Co.* v. *McCaleb*, 81 Ill. 556; State Railroad Tax Cases, 92 U. S. 575; Cooley on Taxation, 542, 422, 478; *Wagoner* v. *Loomis*, 37 Ohio St. 571; *Fratz* v. *Mueller*, 35 Ohio St. 397; *Hirschman* v. *Fratz*, 7 Bull. 35.

A perusal of these cases will satisfy the investigator that the rule has been carefully deduced and is the law.

In this case, as in that, the plaintiff claims only that the board acted arbitrarily, not having any evidence before it from which a finding could be made; that is, the board had no jurisdiction.

Before the power given by the statute can be exercised there must be a concurrence of several conditions.

1.   The board must act as a board.
2.   The reasons for making the addition must be set out in the journal.
3.   The board must have evidence of some kind on which to base its conclusions.

These are jurisdictional facts, and must concur.

In *Hirschman* v. *Fratz*, 7 Bull. 35, it was held on the authority of *Adams' Lessees* v. *Jeffries*, 12 Ohio St. 272, and *Sheldon's Lessees* v. *Newton*, 3 Ohio St. 499, that the records of such tribunals do not import absolute verity, and that a court of equity may inquire into their jurisdiction to act in the premises, and for that purpose may go behind their record and look into their proceedings.

The journal shows that the board, as such, made a formal approval of its action. This is sufficient, unless attacked. The plaintiff offered no evidence to disprove the statement, and it must stand. The first jurisdictional requirement was, therefore, for purposes of this case, complied with. It has been shown, under the authority of *Fratz* v. *Mueller*, 35 Ohio St. 397, that the second jurisdictional fact if sufficiently set forth.

Now, if it is true that the evidence of Grueter was the only evidence before the board, and that they had no personal knowledge of the subject matter, and that Grueter's evidence was directly contrary to the finding based upon it, then the board's action was arbitrary and unjust, and the finding must be that the board had not acquired jurisdiction.

The board must act upon evidence of some kind, whether it be that deduced from testimony, or that which arises from the facts within the personal knowledge of the board: *Hirschman* v. *Fratz*, and *Frats* v. *Mueller*, cited above. Now, if the testimony of Grueter was all the information the board had, and it was contrary to their finding, equity would enjoin the collection of this tax; but if the board heard other testimony, or had personal knowledge of the facts, the presumption, as the Supreme Court puts it in *Hambleton* v. *Dempsey*, 20 Ohio, 168, 174, is, " in favor of a proper discharge of their duty by these officers, and, as the law authorizes them to act upon such evidence as shall be satisfactory to them in the absence of any showing to the contrary, the conclusion of law is that they acted upon sufficient evidence."

If the conclusion is correct that equity can only inquire into the testimony so far as to ascertain whether or not the jurisdictional facts exist, which alone can authorize the action of the board, and if the presumption is that it acted upon sufficient evidence, it seems to me that the jurisdictional requirement that the action must be founded on evidence, will be satisfied in this case when it is made to appear that the board had other evidence before it than that of Grueter alone. It can make no difference how slight that evidence was, for this court can not say how much evidence should be required to satisfy the board that the addition ought to be made. It is only necessary that it appear that there was other evidence, and that it was satisfactory to the board. Many reasons might be urged why the evidence ought not, in some cases, be disclosed; for instance, if employes of the plaintiff had given information which showed the returns to be false, and which satisfied the board that addition ought to be made, they would be subject to discharge or annoyance, and would be less likely to give information which the public ought to have for fear of disastrous consequences to themselves. The policy of the law, however repugnant it may be in some of its practical workings, is to permit the ferreting out of the truth in matters of taxation, so that all citizens may bear in just proportion the burdens of taxation. Perhaps information might come from competitors, or from citizens who felt in duty bound to advise the officers of the law of evasions in tax returns by other citizens.

If the board had other evidence, that fact is sufficient to give the jur-

isdiction to act, and it is not necessary that the board disclose what it was.

The question came up in this court in the case *Huddleston, Hubbard & Co.* v. *Hagerty, Auditor.* Judge SAYLER permitted the plaintiff to show that there was other evidence before the board than was disclosed by the journal. but declined to permit any inquiry into the evidence itself.

If the plaintiff does not care to prosecute its case further by confining itself to the question whether or not the board had before it any other evidence than that of Grueter, the injunction will be dissolved, and the petition dismissed. If it should desire to prosecute further, and it should appear that there was no other testimony, then the plaintiff can take a decree perpetually enjoining the collection of the taxes charged on the additional valuation.

*Kramer & Kramer,* for plaintiff.

*J. H. Bromwell, Assistant County Solicitor, contra..*