## AS TO NOTICE UNDER AN ABSOLUTE GUARANTY.

Circuit Court of Summit County.

THOMAS J. SNYDER v. THE HURDLEY-PIERCE-ANDERSON COMPANY.

Decided, October 4, 1912.

*Guaranty—No Notice of Acceptance of Absolute Guaranty Necessary.*

Where, in consideration of credit to be extended to a third person, one signs a writing by which he agrees to become responsible for the payment of all bills incurred by that person and states that the guaranty is to be good at any and all times, on any and all bills or balances due or to become due, such writing constitutes an absolute guaranty and notice of its acceptance and extension of credit is not necessary. _

*Boylan & Brouse,* for plaintiff in error.
*Wilcox, Burch & Adams,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

The relation of the parties here is the reverse of that sustained by them in the trial court. In this opinion, the terms "plaintiff" and "defendant" will refer to them as they stood below.

The plaintiff was a wholesale merchant in millinery goods in the city of Cleveland, Ohio.

The defendant sent to the plaintiff an instrument, in writing, of which the following is a copy:

"CLEVELAND, February 24th, '10.
"HURDLEY-PIERCE-ANDERSON CO.,
    "Cleveland, Ohio.
"*Gentlemen:* For and in consideration of your extending credit to Mrs. Eldora Sisler, Barberton Ohio, I hereby agree to become responsible for payment of bills made by said Mrs. Sisler at any time on and after this date, either in person or by order, on your usual terms.

"This guarantee to be good at any and all times on any bills or balances that may be due you or become due.
                    "Respectfully yours,
                            "THOS. J. SNYDER."

The Mrs. Sisler named in the writing was a retail dealer in millinery at Barberton, Ohio.

No notice was given to the defendant by the plaintiff of any acceptance or rejection of the proposition, but in pursuance of it the plaintiff sold a bill of goods to Mrs. Sisler on the day it received the writing, and within the next thirty days sold her other goods, the aggregate amount of the goods so sold, after the receipt of said writing, was $398.13. Only a part of said goods was paid for, and suit was brought for the balance, and the plaintiff recovered in the trial court, obtaining verdict and judgment for the amount.

Was there error in the proceedings resulting in the judgment? This is the question before us.

The claim made on the part of the defendant is that this writing was not what is called in law an absolute guaranty, and that therefore the plaintiff was not entitled to recover on it without first having given notice to the defendant before furnishing goods to Mrs. Sisler.

We regard the case as absolutely settled by the case of *Powers & Weightman* v. *John N. Bumcratz*, 12 O. S., 273, and the case of *Wise* v. *Miller*, 45 O. S., 388.

The arguments on the part of the defendant seeking to show a distinction between these cases and the case at bar are ingenious, but not convincing.

In the first of these cases, the first paragraph of the syllabus reads:

"When upon a fair construction of the terms of a written obligation the party executing it binds himself to be responsible for goods to be sold to a third person, it is to be regarded as an absolute guaranty, and when acted on, in accordance with its terms, the liability of the guarantor attaches, and no notice to him of the acceptance of the guaranty, or of its having been acted on, is necessary."

The contract under consideration in that case read:

"Whereas, Otto H. Moeller, of Somerset, is desirous of purchasing goods of Powers & Weightman, of Philadelphia, Pennsylvania, on a credit; now, in consideration of the premises, and for divers other good and valuable considerations, the receipt of which is hereby acknowledged, I, John N. Bumcratz, of Perry county, Ohio, for myself, my heirs, and assigns, do hereby covenant and guarantee with said Powers & Weightman that the said vendee shall punctually and promptly pay all sums of money which shall become due and payable to them, on account of said purchases, whether in notes, acceptances or book accounts, or whether the obligations originally given therefor shall have been changed, extended, renewed, or the amount thereof redrafted for, and that if the said vendee shall neglect so to pay the same, I will and my heirs and assigns shall pay the amount thereof, on demand, with all costs and expenses which said vendors shall incur by reason of non-payment thereof. This guarantee is for an amount not exceeding twelve hundred dollars indebtedness, which may exist at any one time. In testimony whereof, witness our hands and seals, at Somerset, Perry county, Ohio, this 18th day of August, A. D. 1857. Otto H. Moeller (Seal), John N. Bumcratz (Seal)."

In this case suit was brought against both Moeller and Bumcratz for the goods sold to Moeller. Bumcratz demurred to the petition on the ground that no cause of action was stated against

him.  This demurrer was sustained in the court of common pleas, and that ruling was upheld by the district court, but was reversed by the Supreme Court.

The opinion in the case is long and reviews the authorities on the question involved up to that time, very fully, with the result, as already stated, that the court reached the conclusion that Bumcratz was liable upon this writing as an absolute guarantor.

In the case of *Wise* v. *Miller, supra,* the obligation is quoted in the report of the case.  The first paragraph of the syllabus reads:

"When a guaranty is absolute, notice by the guarantee of its acceptance and his intention to act under it, is not necessary to fix the liability of the guarantor.  The rule requiring such notice, applies only where the instrument, being in legal effect merely an offer or proposal, acceptance is necessary, as in case of other offers and proposals, to that mutual assent, without which there can be no contract."

In this latter case, the court say, on page 392, speaking by Williams, J.:

. "The two propositions upon which the plaintiff in error asks the reversal of the judgment below are embraced in his exceptions to the report of the referee, and, briefly stated, are:

"1.  That Wise, having received no notice of the acceptance of the contract of guaranty, never became liable to the plaintiff."

It is this proposition which is involved in the case now under consideration.

At page 393 of the opinion the court say:

"While the English cases generally, and many American cases, holding that the rule requiring notice by the guarantee of his acceptance of the guaranty and his intention to act under it, applies only where the instrument, being in legal effect, merely an offer or proposal, such acceptance is necessary to that mutual assent, without which there can be no contract. Since the case of *Powers* v. *Bumcratz,* 12 Ohio St.; 273, the latter has been the rule in Ohio."

The court then goes on to quote from the opinion in *Powers* v. *Bumcratz* showing the reasoning upon which the court reached the result in that case, and they say, at page 395:

"The application of the doctrine of this case to the contract in question does not leave this branch of the case doubtful. The instrument is in no sense a mere offer or proposal of guaranty to Miller; it is an absolute and unconditional contract of indemnity; the parties thereby jointly and severally bind themselves to Miller that they will, in proportion to the amount of stock held by each in the corporation, protect him against all loss and damage sustained by him by reason of his indorsements of the company's paper."

Other reasons are given in the case why, even if this were not the rule, the same result would be reached in that case; but what has alrady been quoted is sufficient to show what the rule to be applied in the case now under consideration is, unless it be said that the obligation signed by the said Snyder was simply an offer of guaranty.

Repeating the language, it is:

"For and in consideration of your extending credit to Mrs. Eldora Sisler, of Barberton, Ohio, I hereby agree to become responsible for payment of bills made by said Mrs. Sisler."

What terms could be used that would more completely convey to the party to whom this was addressed the proposition that Snyder would absolutely guarantee the payment of the bills that should be made by Mrs. Sisler? And the last clause clearly indicates that it was not proposed that any further obligation should be taken by Snyder, but that the writing itself should constitute an absolute guaranty. That last clause reads:

"This guarantee to be good at any and all times on any bills or balances that may be due you or become due."

Applying the rule expressed in the first paragraph of the syllabus of *Powers & Weightman* v. *Bumcratz, supra,*

"When upon a fair construction of the terms of a written obligation, the party executing it binds himself to be responsible for goods to be sold to a third person, it is to be regarded as an absolute guaranty,"

we reach the conclusion that this was an absolute guaranty; that the absence of a limitation on amount or of time does not affect

its character as such absolute guaranty, and the result is that the judgment is affirmed.

---

## WHEN CONTRIBUTORY NEGLIGENCE IS NOT A DEFENSE.