JENNIE PETTERSON, as Executrix of JOHN PETTERSON, Deceased, Respondent, *v.* GEORGE PATTBERG, Appellant.

**Contract — offer and acceptance — offer by holder of third mortgage to make allowance on principal if paid by certain date — right to withdraw offer at any time before payment — sufficiency of notice that mortgagee could no longer perform — no contract where offer was withdrawn.**

An action to recover for breach of an alleged contract cannot be maintained where it appears that defendant, who held a third mortgage on real property belonging to plaintiff's testator wrote him offering to make an allowance on the principal if it was paid by a certain date, whereupon, before the date mentioned, testator went to defendant's house and called through the door, which was closed, that he had come to pay off the mortgage but was told by defendant that he had sold the mortgage, after which, upon the door being opened, testator made a tender of the cash. Defendant had the right to withdraw his offer at any time before payment was made and his statement that he had sold the mortgage was a definite notice to testator that he could not perform his offered promise and that a tender would be ineffective. It clearly appears, therefore, that the defendant's offer was withdrawn before it became a binding promise and that no contract was ever made.

*Petterson* v. *Pattberg*, 222 App. Div. 693, reversed.

(Decided February 20, 1928; decided May 1, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 18, 1927, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Harry G. Anderson* and *Louis J. Merrell* for appellant. Inasmuch as the mortgage had been sold and plaintiff's testator had been apprised thereof before the tender of performance, the offer must be deemed to have been withdrawn; therefore, no contract resulted from such tender. (*Butchers Advocate Co., Inc.*, v. *Berkof*, 94 Misc. Rep. 299; *Lacelles* v. *Clark*, 204 Mass. 362; *Stensgaard* v. *Smith*, 43 Minn. 11; *Biggers* v. *Owen*, 79 Ga. 658; *Smith* v.

*Caughen,* 98 Misc. Rep. 746; *Levin* v. *Dietz,* 194 N. Y. 376; *Detlinfass* v. *Horsley,* 177 App. Div. 143; 224 N. Y. 560; *Dickinson* v. *Dodds,* 2 Ch. Div. 463.)

*Saul Levine* for respondent. The plaintiff established a good cause of action against the defendant. (*Lord* v. *Cronin,* 154 N. Y. 172; *Mason* v. *Decker,* 72 N. Y. 595; *Justice* v. *Lang,* 42 N. Y. 493; *Fox* v. *Hawkins,* 135 N. Y. Supp. 245; *Jones* v. *Barnes,* 105 App. Div. 287; *Willetts* v. *Sun Mutual Ins. Co.,* 45 N. Y. 45; *White* v. *Baxter,* 71 N. Y. 254; *Marie* v. *Garrison,* 83 N. Y. 14; *Strong* v. *Sheffield,* 144 N. Y. 395; *Beck* v. *Bonwit,* 153 N. Y. Supp. 888; *Corn* v. *Bergmann,* 123 N. Y. Supp. 160.)

KELLOGG, J. The evidence given upon the trial sanctions the following statement of facts: John Petterson, of whose last will and testament the plaintiff is the executrix, was the owner of a parcel of real estate in Brooklyn, known as 5301 Sixth avenue. The defendant was the owner of a bond executed by Petterson, which was secured by a third mortgage upon the parcel. On April 4th, 1924, there remained unpaid upon the principal the sum of $5,450. This amount was payable in installments of $250 on April 25th, 1924, and upon a like monthly date every three months thereafter. Thus the bond and mortgage had more than five years to run before the entire sum became due. Under date of the 4th of April, 1924, the defendant wrote Petterson as follows: " I hereby agree to accept cash for the mortgage which I hold against premises 5301 6th Ave., Brooklyn, N. Y. It is understood and agreed as a consideration I will allow you $780 providing said mortgage is paid on or before May 31, 1924, and the regular quarterly payment due April 25, 1924, is paid when due." On April 25, 1924, Petterson paid the defendant the installment of principal due on that date. Subsequently, on a day in the latter part of May, 1924, Petterson presented himself at the defendant's home, and knocked at the door. The defendant

demanded the name of his caller. Petterson replied: " It is Mr. Petterson. I have come to pay off the mortgage." The defendant answered that he had sold the mortgage. Petterson stated that he would like to talk with the defendant, so the defendant partly opened the door. Thereupon Petterson exhibited the cash and said he was ready to pay off the mortgage according to the agreement. The defendant refused to take the money. Prior to this conversation Petterson had made a contract to sell the land to a third person free and clear of the mortgage to the defendant. Meanwhile, also, the defendant had sold the bond and mortgage to a third party. It, therefore, became necessary for Petterson to pay to such person the full amount of the bond and mortgage. It is claimed that he thereby sustained a loss of $780, the sum which the defendant agreed to allow upon the bond and mortgage if payment in full of principal, less that sum, was made on or before May 31st, 1924. The plaintiff has had a recovery for the sum thus claimed, with interest.

Clearly the defendant's letter proposed to Petterson the making of a unilateral contract, the gift of a promise in exchange for the performance of an act. The thing conditionally promised by the defendant was the reduction of the mortgage debt. The act requested to be done, in consideration of the offered promise, was payment in full of the reduced principal of the debt prior to the due date thereof. " If an act is requested, that very act and no other must be given." (Williston on Contracts, sec. 73.) " In case of offers for a consideration, the performance of the consideration is always deemed a condition." (Langdell's Summary of the Law of Contracts, sec. 4.) It is elementary that any offer to enter into a unilateral contract may be withdrawn before the act requested to be done has been performed. (Williston on Contracts, sec. 60; Langdell's Summary, sec. 4; *Offord v. Davies,* 12 C. B. [N. S.] 748.) A bidder at a sheriff's sale may revoke his bid at any time before the property

is struck down to him. (*Fisher* v. *Seltzer*, 23 Penn. St. 308.) The offer of a reward in consideration of an act to be performed is revocable before the very act requested has been done. (*Shuey* v. *United States*, 92 U. S. 73; *Biggers* v. *Owen*, 79 Ga. 658; *Fitch* v. *Snedaker*, 38 N. Y. 248.) So, also, an offer to pay a broker commissions, upon a sale of land for the offeror, is revocable at any time before the land is sold, although prior to revocation the broker performs services in an effort to effectuate a sale. (*Stensgaard* v. *Smith*, 43 Minn. 11; *Smith* v. *Cauthen*, 98 Miss. 746.) An interesting question arises when, as here, the offeree approaches the offeror with the intention of proffering performance and, before actual tender is made, the offer is withdrawn. Of such a case Williston says: " The offeror may see the approach of the offeree and know that an acceptance is contemplated. If the offeror can say ' I revoke ' before the offeree accepts, however brief the interval of time between the two acts, there is no escape from the conclusion that the offer is terminated." (Williston on Contracts, sec. 60-b.) In this instance Petterson, standing at the door of the defendant's house, stated to the defendant that he had come to pay off the mortgage. Before a tender of the necessary moneys had been made the defendant informed Petterson that he had sold the mortgage. That was a definite notice to Petterson that the defendant could not perform his offered promise and that a tender to the defendant, who was no longer the creditor, would be ineffective to satisfy the debt. "An offer to sell property may be withdrawn before acceptance without any formal notice to the person to whom the offer is made. It is sufficient if that person has actual knowledge that the person who made the offer has done some act inconsistent with the continuance of the offer, such as selling the property to a third person." (*Dickinson* v. *Dodds*, 2 Ch. Div. 463, headnote.) To the same effect is *Coleman* v. *Applegarth* (68 Md. 21). Thus, it clearly appears that the defendant's offer was

withdrawn before its acceptance had been tendered. It is unnecessary to determine, therefore, what the legal situation might have been had tender been ·made before withdrawal. It is the individual view of the writer that the same result would follow. This would be so, for the act requested to be performed was the completed act of payment, a thing incapable of performance unless assented to by the person to be paid. (Williston on Contracts, sec. 60-b.) Clearly an offering party has the right to name the precise act performance of which would convert his offer into a binding promise. Whatever the act may be until it is performed the offer must be revocable. However, the supposed case is not before us for decision. We think that in this particular instance the offer of the defendant was withdrawn before it became a binding promise, and, therefore, that no contract was ever made for the breach of which the plaintiff may claim damages.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, J. (dissenting). The defendant's letter to Petterson constituted a promise on his part to accept payment at a discount of the mortgage he held, provided the mortgage is paid on or before May 31st, 1924. Doubtless by the terms of the promise itself, the defendant made payment of the mortgage by the plaintiff, before the stipulated time, a condition precedent to performance by the defendant of his promise to accept payment at a discount. If the condition precedent has not been performed, it is because the defendant made performance impossible by refusing to accept payment, when the plaintiff came with an offer of immediate performance. " It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure." (Williston on Contracts,

section 677.) The question in this case is not whether payment of the mortgage is a condition precedent to the performance of a promise made by the defendant, but, rather, whether at the time the defendant refused the offer of payment, he had assumed any binding obligation, even though subject to condition.

·The promise made by the defendant lacked consideration at the time it was made. Nevertheless the promise was not made as a gift or mere gratuity to the plaintiff. It was made for the purpose of obtaining from the defendant something which the plaintiff desired. It constituted an offer which was to become binding whenever the plaintiff should give, in return for the defendant's promise, exactly the consideration which the defendant requested.

Here the defendant requested no counter promise from the plaintiff. The consideration requested by the defendant for his promise to accept payment was, I agree, some act to be performed by the plaintiff. Until the act requested was performed, the defendant might undoubtedly revoke his offer. Our problem is to determine from the words of the letter read in the light of surrounding circumstances what act the defendant requested as consideration for his promise.

The defendant undoubtedly made his offer as an inducement to the plaintiff to " pay " the mortgage before it was due. Therefore, it is said, that " the act requested to be performed was the completed act of payment, a thing incapable of performance unless assented to by the person to be paid." In unmistakable terms the defendant agreed to accept payment, yet we are told that the defendant intended, and the plaintiff should have understood, that the act requested by the defendant, as consideration for his promise to accept payment, included performance by the defendant himself of the very promise for which the act was to be consideration. The defendant's promise was to become binding only when fully performed; and part of the consideration to be furnished

by the plaintiff for the defendant's promise was to be
the performance of that promise by the defendant. So
construed, the defendant's promise or offer, though
intended to induce action by the plaintiff, is but a snare
and delusion. The plaintiff could not reasonably suppose
that the defendant was asking him to procure the per-
formance by the defendant of the very act which the
defendant promised to do, yet we are told that even after
the plaintiff had done all else which the defendant
requested, the defendant's promise was still not binding
because the defendant chose not to perform.

I cannot believe that a result so extraordinary could
have been intended when the defendant wrote the letter.
" The thought behind the phrase proclaims itself misread
when the outcome of the reading is injustice or absurdity."
(See opinion of CARDOZO, Ch. J., in *Surace* v. *Danna*, 248
N. Y. 18.) If the defendant intended to induce payment
by the plaintiff and yet reserve the right to refuse pay-
ment when offered he should have used a phrase better
calculated to express his meaning than the words: " I
agree to accept." A promise to accept payment, by its
very terms, must necessarily become binding, if at all, not
later than when a present offer to pay is made.

I recognize that in this case only an offer of payment,
and not a formal tender of payment, was made before
the defendant withdrew his offer to accept payment.
Even the plaintiff's part in the act of payment was then
not technically complete. Even so, under a fair con-
struction of the words of the letter I think the plaintiff
had done the act which the defendant requested as con-
sideration for his promise. The plaintiff offered to pay
with present intention and ability to make that payment.
A formal tender is seldom made in business transactions,
except to lay the foundation for subsequent assertion in a
court of justice of rights which spring from refusal of
the tender. If the defendant acted in good faith in
making his offer to accept payment, he could not well

have intended to draw a distinction in the act requested of the plaintiff in return, between an offer which unless refused would ripen into completed payment, and a formal tender. Certainly the defendant could not have expected or intended that the plaintiff would make a formal tender of payment without first stating that he had come to make payment. We should not read into the language of the defendant's offer a meaning which would prevent enforcement of the defendant's promise after it had been accepted by the plaintiff in the very way which the defendant must have intended it should be accepted, if he acted in good faith.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE and O'BRIEN, JJ., concur with KELLOGG, J.; LEHMAN, J., dissents in opinion, in which ANDREWS, J., concurs.

Judgments reversed, etc.