By the Court.
 

 The question here presented, the answer to which is controlling, is whether an unaccepted, continuing offer to enter into a unilateral contract is revocable before the expiration of the time limit therein fixed.
 

 Appellant’s proposal was to the effect that it would accept an amount of money less than that due on its mortgage against appellees’ property “if” payment were made “within ninety days of the date of this commitment.” This proposal constituted a conditional, continuing offer to enter into a unilateral contract' with appellees.
 

 “A unilateral contract is one in which no promisor receives a promise as consideration for his promise. A bilateral contract is one in which there are mutual promises between two parties to the contract; each party being both a promisor and a promisee.” Restatement of the Law of Contracts, 10, Section 12.
 

 In the comment under the above section, it is said: “In a unilateral contract the exchange for the promise is something other than a promise; in a bilateral contract promises are exchanged for one another.”
 

 There was here no exchange of promises or pay
 
 *175
 
 ment of any consideration. The promise was unilateral and unsupported by any consideration. Had it been accepted, the contract resulting would have been unilateral. By the offer, no obligation was imposed upon appellees, but only a condition, the performance of which was entirely optional with the appellees. Standing unaccepted, the offer was but a unilateral promise, lacking in consideration and in mutuality, and binding neither upon appellant nor appellees. The one could revoke without consequent liability and the other could refuse to perform the condition imposed without liability ensuing. Neither was bound to the other, and until the offer was accepted, either could withdraw from the arrangement:
 

 An offer, continuing or otherwise, to enter into a unilateral contract, unsupported by a valuable consideration, is not binding upon the offeror, and is revocable at his will at any time prior to its acceptance. Though time for acceptance was prescribed, there was no obligation upon appellant to keep the offer open for the remainder of the period, and the right to revoke it before its expiration, if not accepted, is clear.
 

 “An offer, not supported by a consideration, may be revoked before acceptance, even though it expressly "gives an offeree a definite time within which to accept.”
 
 William Weisman Realty Co.
 
 v.
 
 Cohen,
 
 157 Minn., 161, 195 N. W., 898. See also 1 "Williston on Contracts (Revised Ed.), 156, Section 55; 12 American Jurisprudence, 528, Section 32.
 

 Acceptance of an offer to enter into a unilateral contract can be effected only by performance of the condition prescribed and within the time fixed. This means substantial performance and not merely steps taken preparatory to performance. Acts preparatory to performance tender neither consideration nor acceptance, no matter how extensive the preparation or
 
 *176
 
 how large the expense involved may be. Nothing less than performance will tender acceptance, and un;til snch time the right to revoke remains unimpaired. See 1 Page Supplement on Contracts, 92, Section 192;
 
 Stensgaard
 
 v.
 
 Smith,
 
 36 Minn., 181, 44 N. W., 669;
 
 Hollister
 
 v.
 
 Frellsen,
 
 148 Miss., 568, 114 So., 385;
 
 Levin
 
 v.
 
 Dietz,
 
 194 N. Y., 376, 87 N. E., 454;
 
 Petterson, Exrx.,
 
 v.
 
 Pattberg,
 
 248 N. Y., 86, 161 N. E., 428;
 
 Kolb
 
 v.
 
 J. E. Bennett Land Co.,
 
 74 Miss., 567, 21 So., 233; Restatement of the Law of Contracts, 53, Section 45, Comment
 
 a.
 

 Research fails to disclose any direct authority in Chio on the question whether an offer to enter into a unilateral contract may be withdrawn after commencement of performance. There is, however, dicta to the effect that when the acceptance called for by an offer is an act and a promise, there is no contract until the act has been performed and the promise given. Thus, in
 
 Dayton, Watervleit Valley & Xenia Turnpike Co.
 
 v.
 
 Coy,
 
 13 Ohio St., 84, the court, on page 92, said that: “*
 
 * *
 
 where the consideration is not the promise, but the doing of some act, which being done would constitute a valid consideration, then assent to the contract may be shown by doing the act. The promise to pay a certain sum on the doing a certain act, which will benefit the promisor or prejudice the promisee, implies a request to do the act, and unless such request be withdrawn before it is .complied with, the doing the act is an assent, and the promise becomes obligatory.”
 

 And again, in
 
 Brenner
 
 v.
 
 Spiegle,
 
 116 Ohio St., 631, at page 639, 157 N. E., 491, the court, in its opinion, made the following statement: “However, whether the authority to sell is exclusive or not exclusive, the principle remains the same, that the contract is unilateral; that the acceptance' is the doing of the act contemplated
 
 *
 
 * *, and that there is no mutuality, no consid
 
 *177
 
 eration, and no binding obligation, and hence no contract prior to that acceptance.”
 

 In 1 Page Supplement on the Law of Contracts, 92, Section 191, the author states: “If the offer is one which is to ■ be accepted by doing an act, it is said that there must be at least an essentially and substantially complete performance of the act, in order to constitute an acceptance.”
 

 In the instant case, the survey made, the abstract prepared and expenses incurred by appellees were but acts preparatory to performance and in no sense constituted fulfillment, substantially or otherwise, of the condition imposed by the offer. The performance required under appellant’s offer was the payment of $8,100 within ninety days from the date of the proposal. No such payment was either made or tendered within the time prescribed. There was no performance of any kind, and hence no acceptance. (See
 
 Campbell
 
 v.
 
 Hicks,
 
 19 Ohio St., 433.) The withdrawal of the offer was made before the promise therein contained became binding. Where there is no binding promise, there can be no contract. For an action in specific performance to be maintainable, there must be a contract (37 Ohio Jurisprudence, 18, Section 12), valid and mutually binding upon both parties thereto.
 
 Steinau
 
 v.
 
 Cincinnati Gas-Light & Coke Co.,
 
 48 Ohio St., 324, 27 N. E., 545.
 

 ^ A court will not decree specific performance of a contract having no existence. “Courts will compel parties to perform contracts in accordance with their terms, but they have no power to and will not make contracts for persons and compel the execution of them.”
 
 Spengler
 
 v.
 
 Sonnenberg,
 
 88 Ohio St., 192, at 203, 102 N. E., 737, 52 L. R. A. (N. S.), 510, Ann. Cas. 1914D, 1083.
 

 Appellees argue that appellant’s refusal to abide by its proposal occasioned delay, making it impossible
 
 *178
 
 for them to tender payment within the ninety-day period prescribed in the offer. However, it is one thing for a party wrongfully to prevent performance of a contract to which and by which he is bound and another thing for a party to revoke his offer to which he is not bound. If revocation of an offer before acceptance is at all an exercise of a legal right, it is of no moment that the effect of revocation is to make acceptance by the offeree impossible. The question in such case is whether the right to revoke exists. If it does, then liability will not further its exercise.
 

 Judgment reversed and final judgment for appellant.
 

 Matthias, Day, Williams and Gorman, JJ., concur.
 

 Myers, J., concurs in the judgment.