■ JAMES A. KAELIN, Respondent, v. WILMOT H. WARNER et al., Appellants.— In an action to recover real estate brokerage commissions, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered March 26, 1969 after a nonjury trial, in favor of plaintiff and against defendants. Judgment affirmed, with costs. No opinion. Brennan, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: This is an action to recover brokerage commissions on the sale of defendants' farm located in the Town of Riverhead. The proposed contract was mailed by the attorney for the sellers, Mr. Saxstien, on July 3, 1965 to Mrs. Appleby, the would-be purchaser. However, after protracted negotiations, Mr. Kramer, the attorney for Mrs. Appleby, demanded various changes in the proposed contract in a telephone conversation with Mr. Saxstien. Mr. Kramer said that when he talked about the changes with Mr. Saxstien the latter told him he could prepare what he wanted and Mr. Saxstien would then see if the sellers would agree to it. On July 20, 1965 the proposed contract with the required changes was mailed by Mr. Kramer to Mrs. Appleby for execution. On July 22, 1965 the sellers made a commitment to a new buyer, which ripened into a written contract on August 5, 1965. Mrs. Appleby tendered her proposed contract to both Mr. Saxstien and the sellers on July 24, 1965, which was after the sellers' commitment to the new buyer. An offer not given for a consideration may be revoked or withdrawn at any time before an effective acceptance, whether it specifies a period of duration or not (*Evans* v. *2168 Broadway Corp.*, 281 N. Y. 34; *Cochran* v. *Taylor*, 273 N. Y. 172; *Petterson* v. *Pattberg*, 248 N. Y. 86). Justice TASKER, the Trial Judge, in his opinion correctly stated: " The deal produced by plaintiff languished due to the haggling of counsel representing the parties as to terms to be included in the formal contract of sale." Mrs. Appleby, the would-be purchaser did not agree to the terms in the proposed contract prepared by Mr. Saxstien, the attorney for the sellers, but wanted (a) release clauses, (b) privilege of prepayment after one year instead of five years, (c) a guaranty as to acreage and reduction in price if there were less acreage, (d) a later closing date and (e) delayed times of payment. In my opinion, mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of seller and purchaser so as to entitle the broker to commissions. The parties must reach an agreement with respect to all essential terms customarily encountered in such a transaction (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 382; *Haase* v. *Schneider*, 112 App. Div. 336; *Matter of Altz*, 274 App. Div. 894, affd. 300 N. Y. 607). On the record in this case there was no meeting of the minds of the buyer and the sellers before the sellers withdrew their offer, and sellers' motives in withdrawing their offer are irrelevant. The sellers were certainly free to accept a better offer prior to an acceptance by the broker's proposed purchaser on the essential terms offered by the sellers. The record is totally devoid of any claim that such an acceptance of the sellers' offer occurred prior to its withdrawal. For the foregoing reasons, it is my opinion that we should reverse the judgment for plaintiff and dismiss the complaint.