OPINION
Plaintiff-appellant, Gold Key Lease, Inc., appeals from the judgment of Mahoning County Court No. 4, which ordered enforcement of a settlement agreement between appellant and defendants-appellees, Mary S. Hood and Kevin S. Hood.
On January 24, 1995, appellees leased a 1995 Dodge Dakota pick-up truck from Eastwood Dodge. Eastwood Dodge assigned the lease to appellant. Appellees allegedly breached the lease agreement by failing to make required lease payments. On October 13, 1998, appellant filed a complaint against appellees for the alleged breach seeking $3,855.00 in damages. Appellees filed an answer to the complaint on November 4, 1998, denying all allegations and asserting that appellant had failed to state a claim upon which relief could be granted. The case was set for pretrial to take place on January 27, 1999. Whether the parties met on that date is unclear.
On or about January 31, 1999, appellant and appellees entered into a tentative settlement agreement, which would be completed upon appellees paying appellant a sum of $800.00 within ten days of journalizing the judgment entry. Counsel for appellant prepared a consent judgment entry, which stated the terms.
On February 1, 1999, appellees deposited $800.00 into an IOLTA account held by their attorney. Appellees claim that Check Number 635 was executed to satisfy the settlement agreement. To date, Check Number 635 has not cleared that account.
On February 4, 1999, appellees' counsel sent a letter to appellant's counsel, which stated:
 "Enclosed herein please find an executed Consent Judgment Entry for filing with the Court.
 "Also enclosed is a check in the amount of $800.00 made payable to Javitch, Block, Eisen Rathbone in complete satisfaction of the settlement of the above captioned case."
Appellant's counsel claims it never received the letter, the consent judgment entry or the $800.00 check. On January 28, 2000, appellant's counsel wrote a letter to appellees' counsel, which stated in pertinent part:
 "While your clients did have a one-time opportunity to settle this matter, that was nearly a year ago and no funds were ever sent to us. As a result there is no longer any offer on the table. Therefore, we intend to proceed with this action for the full amount due and owing."
On February 2, 2000, appellees filed a motion to enforce the settlement. A hearing was held before a magistrate. The magistrate ruled in favor of enforcing the settlement and also added that appellees owed appellant 10 percent interest on the $800. Appellant filed objections to the magistrate's decision.
The trial court conducted an evidentiary hearing. The court overruled appellant's objections and granted appellees' motion to enforce the settlement agreement. This appeal followed.
Appellant raises a single assignment of error, which states:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF THE PLAINTIFF AND COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT."
The standard of review applied to a ruling on a motion to enforce a settlement agreement is derived from contract law. A reviewing court must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. Continental W. Condominium UnitOwners Assn. v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501, 502.
The trial court is required to conduct an evidentiary hearing relating to the existence of a disputed settlement agreement. Rulli v. Fan Co. (1997), 79 Ohio St.3d 374; Burrell Industries, Inc. v. Central AlliedEnt. (Dec. 15, 1998), Belmont App. Nos. 96-BA-18, 96-BA-25, unreported, 1998 WL 896534. Where a trial court conducts an evidentiary hearing on a motion to enforce a settlement agreement and sufficient evidence is presented to support the finding of the settlement, the settlement will not be overturned. Vawters v. Borror Corp., Inc. (Dec. 5, 1991) Franklin App. No. 91 AP-761, unreported, 1991 WL 256092. This court, in Holmes v.Central Ins. Co., (Mar. 16, 1993), Mahoning App. No. 92 C.A. 43, unreported, 1993 WL 78788 at *1, held "[w]hen parties to a lawsuit agree to a settlement offer, this agreement cannot be repudiated by either party." "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though * * * the agreement is of binding force." (Omission added.)Id., quoting Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36,40.
Appellant maintains that the settlement agreement constituted a unilateral contract offer wherein appellees, as offerees, were required to fully perform within ten days of making the offer for acceptance to take effect. Appellant argues that since it never received the consent judgment entry and the $800 check, appellees failed to accept its settlement offer.
"A unilateral contract is one in which no promisor receives a promise as consideration for his promise. A bilateral contract is one in which there are mutual promises between two parties to the contract; each party being both a promisor and a promisee." Bretz v. The Union Central LifeIns. Co. (1938), 134 Ohio St. 171, 174, quoting Restatement of the Law of Contracts, 10, § 12.
In the present case, appellant cites to several cases outside of this court's authority. Appellant's points are reasonable and very well taken, however they do not constitute binding authority for this court. Appellant argues that receipt, not dispatch, connotes acceptance. Santosv. Dean (Wash.App. 1999), 982 P.2d 632, 635; Crane v. TimberbrookVillage, Ltd. (Utah App. 1989), 774 P.2d 3, 5. In support of appellant's argument that an offer for a settlement agreement is an offer for a unilateral contract, appellant also argues that a "bilateral contract, as opposed to a unilateral contract, connotes an exchange of promises where the parties have communicated in some manner the terms to which they agree to be bound, whereas a unilateral contract involves acceptance by performance only." Appellant's Brief, p. 4, citing Cuyahoga Cty.Hospitals v. Price (1989), 64 Ohio App.3d 410, 415; Bretz v. UnionCentral Life Ins. Co. (1938), 134 Ohio St. at 174. Appellant's sole contention in this case is that appellees never fully performed, because appellant never received the executed Consent Judgment Entry or the $800.00 check, therefore appellant and appellees never formed a contract.
Appellees claim appellant extended the offer in the form of preparing the consent judgment entry and forwarding it to them. The acceptance took place on or about February 4, 1999, when appellees deposited $800.00 into their attorney's IOLTA account and executed the consent judgment entry. Appellees maintain they mailed the $800.00 check along with the consent judgment entry to appellant. Appellant insists it never received the check or consent judgment entry, and therefore no contract was formed.
The "mailbox rule" is the law governing offer and acceptance in the state of Ohio. Appellees properly cite to the case of Casto v. State FarmMut. Auto. Ins. Co. (1991), 72 Ohio App.3d 410, 413, in that an acceptance transmitted in a form invited by the offer is operative as soon as it is put out of the offeree's possession, regardless of whether it ever reaches the offeror. The "mailbox rule" states that in the absence of any limitation to the contrary in the offer, an acceptance is effective when mailed because the offeror has the power to condition the acceptance of the offer on actual receipt. Id.
At a hearing held on June 27, 2000, evidence was introduced to support appellees' argument that they had executed the consent judgment entry and the check for $800.00 to satisfy the claim. Appellee, Kevin Hood, testified that he gathered the $800.00 to satisfy the claim, gave it to his attorney and they deposited the money into the IOLTA account. Appellees presented a deposit slip as evidence to support this claim. Appellee, Kevin Hood, also testified that, to the best of his knowledge, the consent judgment entry and the $800.00 check were submitted to appellant's counsel.
Although counsel for appellant filed objections to the magistrate's report, when asked for supporting evidence or testimony for those objections, appellant's counsel responded that he had nothing further to offer. Appellant's only argument occurred during its closing statement when counsel conceded that appellees deposited the $800.00 and signed the consent judgment entry. Appellant's lone claim is that its office never received the money and the consent judgment.
Accordingly, appellant's sole assignment of error is without merit.
Based on the foregoing, the judgment of the trial court is hereby affirmed.
WAITE, J. and DeGENARO, J., concurs.