[Cite as *U.S. Bank v. Stewart*, 2015-Ohio-5469.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | CASE NO. 12 CO 56 |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARTHA A. STEWART AKA SMITH, et al. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 2011 CV 542

JUDGMENT:      Affirmed in part, reversed in part and remanded

APPEARANCES:

For Plaintiff-Appellee      Attorney David Wallace
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

For Defendant-Appellant JP Morgan Chase Bank, N.A.      Attorney Gregory Happ
P.O. Box 46390
Cleveland, Ohio 44146

For Defendant-Appellant Paul Metrovich      Attorney Robert Holman
238 West Liberty Street
Medina, Ohio 44256

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: December 28, 2015

DeGENARO, J.

{¶1} Defendants-Appellants Paul Metrovich and J.P. Morgan Chase Bank, N.A. appeal the November 30, 2012 and April 2, 2013 judgments of the Columbiana County Court of Common Pleas granting Plaintiff-Appellee U.S. Bank, N.A.'s motion for summary judgment on its foreclosure and deed reformation claims. On appeal, Appellants contend that the trial court erroneously concluded that U.S. Bank was entitled to foreclosure and deed reformation. The homeowners did not join in this appeal.

{¶2} Upon review, Appellants' assignments of error addressing U.S. Bank's foreclosure claim are meritless. U.S. Bank met its burden by specifying evidence in the record that demonstrates no genuine issue of material fact as to the elements of its foreclosure claim. Appellants did not produce any evidence that suggests a reasonable fact finder could rule in their favor nor did they raise a genuine issue of material fact as to any of their affirmative defenses.

{¶3} Appellants' argument addressing U.S. Bank's deed reformation claim is meritorious because U.S. Bank did not produce any evidence supporting its claim. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and remanded to the trial court for further proceedings.

## Facts and Procedural History

{¶4} Because the note and mortgage underlying this appeal were subject to a series of assignments, which are not at issue, and further, the narrow legal issues involve parties other than the original lenders, the facts herein are framed accordingly. On July 17, 2006, Martha Stewart and Jeffrey Smith executed a Note and Mortgage in the amount of $145,000.00 secured by their home to Accredited Home Lenders Inc. The Mortgage designated Mortage Electronic Registrations Systems, Inc., (MERS) as the mortgagee as nominee for Accredited, its successors and assigns.

{¶5} In a letter dated December 3, 2008, Countrywide Home Loans Inc., which serviced the mortgage for MERS, notified Stewart and Smith that the Note was in default, which could be cured by paying $2,245.06 by January 2, 2009, and the

loan would be accelerated if they did not cure the default. Stewart and Smith negotiated a "short sale"[1] with Metrovich, who obtained financing from J.P. Morgan to purchase the property.

**{¶6}** In a letter dated April 9, 2009, Countrywide presented Stewart and Smith with conditions for its approval of the short sale, which included, among others: (1) "Closing must take place no later than May 11th, [2009][2], or this approval is void;" (2) "The approved buyer(s) is/are Paul Metrovich and the sales price for the property is $110,000.00. Another buyer cannot be substituted without Countrywide's prior written approval in connection with this short sale"; (3) "Proceeds to Countrywide to be no less than $99,180.00."

**{¶7}** The short sale to Metrovich closed on June 18, 2009. Stewart and Smith had been given oral approval by Olivia Dalton, a Countrywide employee, to execute the short sale subsequent to the May 11, 2009 deadline. After the short sale closing, J.P. Morgan, Metrovich's lender, attempted to wire $95,914.61 to Countrywide, which rejected the funds in full. During this same time-period, Bank of America acquired Countrywide.

**{¶8}** On July 25, 2011, the Mortgage was assigned to U.S. Bank by MERS, and on August 4, 2011, U.S. Bank filed a complaint in foreclosure, naming the homeowners, Metrovich, and J.P. Morgan and seeking, inter alia, reformation of a prior deed conveying the Property, alleging:

> Betty Lou Miller aka Betty Lou Shaffer, is named as a defendant herein as the grantor on a prior deed dated 05/14/92 and filed for record on 05/20/92, as Volume 323, Page 504, of said County Recorder's Records, which deed fails to disclose the marital status of said grantor. Plaintiff is informed and believes that Betty Lou Miller aka Betty Lou

---

[1] In a "short sale" transaction, the mortgagee releases the mortgagor from his payment obligation on a note in return for the proceeds of the sale of the encumbered property to a third party; in doing so the mortgagee agrees to accept less than the full amount owed on the promissory note and to release its secured interest in the subject property.

[2] The parties have stipulated that the 2008 deadline for closing was a clerical error and that the Short Sale Contract should read: "Closing must take place no later than May 11th, 2009."

Shaffer was in fact married to Larry D. Shaffer, Sr. at the time of the conveyance and plaintiff seeks to have the prior deed reformed so as to disclose the grantor's marital status as married to Larry D. Shaffer, Sr.

**{¶9}** J.P. Morgan filed an answer. Metrovich filed an answer and counterclaim alleging, inter alia, the Short Sale Contract precluded foreclosure. Stewart and Smith filed an answer also asserting the Short Sale Contract precluded foreclosure.

**{¶10}** U.S. Bank filed a motion to dismiss Metrovich's counterclaim, which he opposed and the trial court granted. U.S. Bank also filed a motion for summary judgment seeking, inter alia, foreclosure and deed reformation, which Metrovich, J.P. Morgan as well as Stewart and Smith opposed. The trial court granted U.S. Bank summary judgment, including reformation of the deed "to reflect that Betty Lou Miller aka Betty Lou Shaffer was married to Larry D. Shaffer, Sr."

**{¶11}** Metrovich and J.P. Morgan filed a joint notice of appeal; however, neither Stewart nor Smith appealed.

### Short Sale Contract

**{¶12}** In their first of five assignments of error, Appellants assert:

The trial court erred in granting summary judgment to the Appellee when Appellee's predecessor-in-interest had already entered into a valid and binding settlement agreement to short sell the subject property prior to the filing of the within foreclosure action.

**{¶13}** An appellate court reviews a trial court's summary judgment decision de novo. *Ohio Govt. Risk Mgt. Plan v. Harrison,* 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5. Summary judgment is granted where the trial court, viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that

reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Dresher v. Burt,* 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).

**{¶14}** U.S. Bank argues that the Short Sale Contract was "invalid and unenforceable" because two conditions precedent to the Short Sale Agreement did not occur.

> A condition precedent is a condition which must be performed before the obligations in the contract become effective. Essentially, a condition precedent requires that an act must take place before a duty of performance of a promise arises. If the condition is not fulfilled, the parties are excused from performing. Whether a provision in a contract is a condition precedent is a question of the parties' intent. Intent is ascertained by considering not only the language of a particular provision, but also the language of the entire agreement and its subject matter.

*Troha v. Troha,* 105 Ohio App.3d 327, 663 N.E.2d 1319 (2d Dist.1995); *Mumaw v. Western & Southern Life Ins.* Co., 97 Ohio St. 1, 9, 119 N.E. 132 (1917).

**{¶15}** The May 11, 2009 closing deadline and minimum payment of $99,180.00 are express conditions precedent to Bank of America releasing Stewart and Smith from their obligation to make payments on the Note. The language used by the parties demonstrates they intended for the closing deadline and minimum payment amount to be conditions precedent to Bank of America's performance, and neither condition precedent was satisfied.

**{¶16}** First, the Short Sale Contract stated: "Closing must take place no later than May 11th, [2009], or this approval is void." The short sale closed on June 18, 2009. Second, the Short Sale Contract stated that no less than $99,180.00 was to be paid; however, Metrovich only tendered $95,914.61. Thus, Countrywide justifiably rejected the funds because closing took place after the deadline and the proceeds

were less than agreed upon in the Short Sale Contract.

**{¶17}** There is no genuine issue of material fact as to whether the conditions precedent to the Short Sale Contract were satisfied. Accordingly, Appellants' first assignment of error is meritless.

## Statute of Frauds

**{¶18}** In their second of five assignments of error, Appellants assert:

> The trial court erred in finding the statute of frauds was available to the Appellee.

**{¶19}** Appellants assert three arguments in support of its contention that the oral modification of the Short Sale Contract is not subject to the statute of frauds: 1) the oral modification is a settlement agreement and not a contract concerning an interest in land; 2) the oral modification is not a material or essential term of the Short Sale Agreement; and 3) Stewart and Smith partially performed the Short Sale Contract. Each will be addressed in turn.

**{¶20}** Appellants first argue that the oral modification is a settlement contract and not a contract for the "sale of lands, tenements, or hereditaments, or interest in or concerning them," *See* R.C. 1335.05. U.S. Bank counters that the oral modification of the Short Sale Contract was subject to the statute of frauds, regardless of "Appellants' attempt to re-label the Short Sale Contract as a 'settlement agreement.'".

**{¶21}** Ohio's statute of frauds provides that an action concerning a contract involving an interest in land cannot be filed unless the agreement upon which the action is based is in writing and signed by the parties. R.C. 1335.05. "[A]greements that do not comply with the statute of frauds are unenforceable." *FirstMerit Bank, N.A. v. Inks,* 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150,1120.

**{¶22}** In *Inks,* the mortgagor and mortgagee entered into an oral forbearance agreement requiring the mortgagor to pay funds in order to avoid foreclosure on the mortgaged property. *Inks,* 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶8. The Supreme Court of Ohio held: "the alleged oral agreement between [mortgagor]

and FirstMerit does pertain to an interest in land, because it involves the terms upon which FirstMerit allegedly agreed to release the mortgage. As such, even if it is characterized as a settlement agreement, it falls within R.C. 1335.05." *Id.* at ¶25.

**{¶23}** The facts here are very similar to *Inks;* the alleged oral modification in the present matter involves a written term upon which Countrywide, servicer for the predecessor in interest to U.S. Bank, agreed to release Stewart and Smith, specifically, the May 11, 2009 deadline for closing. Accordingly, the statute of frauds renders the oral modification to the Short Sale Contract unenforceable.

**{¶24}** Appellants next argue that the statute of frauds does not apply to the oral modification of the Short Sale Contract because it did not affect an essential or material term. U.S. Bank counters that the oral modification of the deadline was an essential term because the "Short Sale Contract stated in bold-face type that failure to close prior to May 11 would make the contract 'void.'"

**{¶25}** In *Bahner's Auto Parts v. Bahner,* 4th Dist. No. 97 CA 2538, 1998 WL 470494, *9 (July 23, 1998), the Fourth District Court of Appeals held: "A subsequent oral agreement modifying an 'essential' or 'material' term of a written contract required to be in writing by the Statute of Frauds is invalid and unenforceable." *Bahner's, Id.* at *9. Moreover, *Inks* establishes that the oral modification to the Short Sale Agreement is invalid and unenforceable under the statute of frauds and thus controls. *Inks* at ¶25. Accordingly, this argument is moot because the oral modification is unenforceable under the statute of frauds pursuant to *Inks.*

**{¶26}** Appellants' final contention under this assignment of error is that partial performance removes the oral modification from operation of the statute of frauds because the parties' acts were "clearly in furtherance of the [Short Sale Contract]." Conversely, U.S. Bank contends that the doctrine of partial performance does not apply to the oral modification because the parties' acts did not unequivocally suggest the existence of a contract.

**{¶27}** Partial performance sufficient to remove a contract from the operation of the statute of frauds "must consist of unequivocal acts by the party relying upon

the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties *in statu quo." Delfino v. Paul Davies Chevrolet, Inc.,* 2 Ohio St.2d 282, 287, 209 N,E.2d 194 (1965). "[A]cts which do not unmistakably point to a contract existing between the parties, or which can be reasonably accounted for in some other manner than as having been done in pursuance of a contract, do not constitute a part performance sufficient in any case to take it out of the operation of the statute [of frauds], even though a verbal agreement has actually been made between the parties. *Hughes V. Oberholtzer,* 162 Ohio St. 330, 339-40, 123 N.E.2d 393 (1954).

**{¶28}** To remove an oral contract from the statute of frauds, the party seeking removal must prove partial performance by clear and convincing evidence. *Wallace v. Wallace,* 7th Dist. No. 82-C-7, 1983 WL 6672, *2 (June 30, 1983); *Ramun v. Ramun,* 7th Dist. No. 12 MA 61, 2014-Ohio-4440, ¶26.

**{¶29}** Appellants misconstrue the doctrine of partial performance by arguing that the terms of the *written* Short Sale Contract were partially performed, thus removing the *oral* modification of that contract from the statute of frauds. Appellants argue that partial performance consisted of Countrywide's April 9, 2009 payoff term letter and oral authorization to proceed with the sale; Stewart and Smith's conveyance of their interest by the deed to Metrovich; and, Metrovich's payment of the purchase price. Appellants' argument fails because partial performance of the written and enforceable Short Sale Contract is irrelevant to whether Stewart and Smith partially performed the oral modification.

**{¶30}** There is no genuine issue of material fact as to whether Stewart and Smith's performance constituted partial performance of the oral modification. Their acts were insufficient to unequivocally demonstrate partial performance, so the oral modification is unenforceable under the statute of frauds. For all these reasons, Appellants' second assignment of error is meritless.

### Accord & Satisfaction

**{¶31}** In their third of five assignments of error, Appellants assert:

The trial court erred in failing to find that Appellee's claims are barred by the defense of accord and satisfaction.

**{¶32}** Appellants outline the elements of accord and satisfaction, but fail to apply the facts in the present matter to those elements. U.S. Bank argues that there was no accord because Stewart and Smith did not close the sale by the May 11, 2009 deadline and no satisfaction because the funds tendered by J.P. Morgan on behalf of Metrovich were refused.

**{¶33}** "An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract." *Allen v, R.G. Indus. Supply,* 66 Ohio St.3d 229, 231, 611 N.E.2d 794 (1993). In *Allen,* the Supreme Court of Ohio outlined the proper analysis for an accord and satisfaction defense:

> When an accord and satisfaction is pled by the defendant, the court's analysis must be divided into three distinct inquiries. First, the defendant must show that the parties went through a process of offer and acceptance—an accord. Second, the accord must have been carried out—a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration.

*Id.*

**{¶34}** Here, the parties did not go through the process of offer and acceptance to form an accord. The Short Sale Contract is a unilateral contract in which Stewart and Smith could only accept Countrywide/Bank of America's offer with performance, "Acceptance of an offer to enter into a unilateral contract can be effected only by performance of the condition prescribed and within the time fixed." *Bretz v. Union Central Life Ins.* Co., 134 Ohio St. 171, 175, 16 N.E.2d 272 (1938).

**{¶35}** Nor were the requirements for an accord satisfied. Stewart and Smith failed to timely perform, and consequently failed to accept Countrywide's offer.

Similarly, satisfaction of the purported accord did not occur. The Short Sale Contract required the proceeds to Countrywide to be "no less than $99,180.00." Metrovich tendered $95,914.61 to Countrywide/Bank of America, which rejected the full $95,914.61. Accordingly, Appellants' third assignment of error is meritless.

## Intended Third Party Beneficiary

**{¶36}** In their fourth of five assignments of error, Appellants assert:

> The trial court erred in finding that Metrovich was not an intended third party beneficiary of the Short Sale Agreement between Stewart & Smith and Appellee.

**{¶37}** We need not reach the merits of this assigned error because the oral modification to the Short Sale Contract is unenforceable under the statute of frauds.

## Deed Reformation

**{¶38}** In their fifth and final assignment of error, Appellants assert:

> The trial court erred in finding that Appellee presented clear and convincing evidence to support reformation of the 1992 Shaffer Deed.

**{¶39}** Appellants argue that the trial court erred because U.S. Bank failed to prove by clear and convincing evidence that a mutual mistake of fact occurred. U.S. Bank argues: "Appellants simply do not have standing to object to or contest reformation. In fact, Appellants fail to state how allowing reformation interferes with Metrovich's purported equitable and legal interest in the property, which is subject to the Mortgage." The trial court did not analyze this issue, but ordered "that the prior deed dated May 14, 1992 and filed for record on May 20, 1992 at Volume 323, Page 504 of the Columbiana County Records be reformed to reflect that Betty Lou Miller aka *[sic]* Better Lou Shaffer was married to Larry D. Shaffer, Sr." It is somewhat puzzling why Appellants are contesting the deed reformation.

**{¶40}** A trial court may order reformation of an instrument when a mutual mistake by the parties to an instrument results in an instrument that does not express

the actual intention of those parties. *Robenolt v. Zyznar,* 7th Dist. No. 13 MA 129, 2014-Ohio-2593, ¶11; *Wagner v. Natl. Fire Ins.* Co., 132 Ohio St. 405, 412-13, 8 N.E.2d 144 (1937). "Reformation is available only when the mutual mistake is shown by clear and convincing evidence." *Robenolt* at ¶11.

{¶41} A review of the evidence in the record yields no reference to a mutual mistake that resulted in an error in the deed, The only mention of mutual mistake is in U.S. Bank's complaint, which alleged:

> Plaintiff is informed and believes that Betty Lou Miller aka Betty Lou Shaffer was in fact married to Larry D. Shaffer, Sr. at the time of the conveyance and plaintiff seeks to have the prior deed reformed so as to disclose the grantor's marital status as married to Larry D. Shaffer, Sr.

{¶42} U.S. Bank's allegation, by itself, was insufficient to meet its burden on summary judgment. Although the trial court did not analyze the deed reformation issue, the lack of evidence in the record precluded the trial court from ruling there was no genuine issue of material fact as to whether a mutual mistake caused an error in the deed. Accordingly, Appellants' fifth assignment of error is meritorious.

**Conclusion**

{¶43} Appellants' first three assignments of error, all of which addressed U.S. Bank's foreclosure claim, are meritless. Conditions precedent to the Short Sale Contract were not satisfied. The oral modification of that contract related to an interest in land, and was therefore subject to the statute of frauds and unenforceable. Accordingly, Metrovich's status as an intended third party beneficiary need not be addressed. Further, there was no accord and satisfaction reached.

{¶44} However, U.S. Bank did not produce any evidence demonstrating that there was a mutual mistake which resulted in an error in the deed. The trial court erred in granting U.S. Bank's motion for summary judgment on its deed reformation claim. Accordingly, the judgment of the trial court is affirmed in part, reversed in part

and remanded to the trial court for further proceedings.

Donofrio, P. J., concurs

Waite, J., concurs