[Cite as *JP Morgan Chase Bank, N.A. v. Spears*, 2018-Ohio-917.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

JP MORGAN CHASE BANK, N.A.
SUCCESSOR BY MERGER TO
BANK ONE, N.A.,                                    CASE NO.  17-17-10

    PLAINTIFF-APPELLEE,

    v.

CATHY SPEARS, ET AL.,                       O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Shelby County Common Pleas Court
Trial Court No. 16CV000208

Judgment Affirmed

Date of Decision:    March 12, 2018

APPEARANCES:

    *David E. Beitzel* for Appellants

    *Daniel C. Gibson* for Appellee

**SHAW, J.**

{**¶1**} Defendants-Appellants, Cathy Spears, Larry Shoffner, and Scott Shoffner, appeal the June 27, 2017 judgment of the Shelby County Court of Common Pleas, Civil Division, granting the motion for summary judgment filed by JP Morgan Chase Bank ("Chase Bank"). On appeal, Appellants claim that the trial court improperly applied the standards set forth Civ.R. 56 in granting summary judgment because reasonable minds could reach different conclusions as to whether Appellants' part performance removed the parties alleged oral agreement from the statute of frauds.

*Procedural History*

{**¶2**} On September 20, 2016, Chase Bank filed a complaint in foreclosure. Chase Bank attached a copy of a May 1, 2003 mortgage note and a December 8, 2005 loan modification agreement executed by Appellants' parents, Lloyd and Shirley Shoffner, pertaining to certain real estate located in Shelby County, Ohio. The record indicates that Shirley died on April 27, 2006, and that Lloyd died on June 12, 2007. Appellants became the titleholders to the property subject to the mortgage as a result of their parents' deaths. The complaint alleged that there was $94,641.23 together with interest of 6.0% per year from January 8, 2008 which remained due and owing on the note. (*See* Doc No. 66). Chase Bank requested a finding of default and reformation of the mortgage to correct an erroneous

description of the property, which they claimed was the result of scrivener's error and mutual mistake of fact between the parties to the mortgage.

{¶3} Appellants filed an answer asserting several defenses including the legal and/or equitable doctrines of estoppel and novation, waiver and/or payment. Appellants requested the complaint be dismissed and "that payments properly made to [Chase Bank] * * * be properly credited pursuant to an independent accounting ordered by th[e] court." (Doc. No. 80).

{¶4} On March 30, 2017, Chase Bank filed a motion for summary judgment, to which it attached an affidavit executed by Jessica Roth, a Vice President of Chase Bank, averring that the total amount due on the mortgage plus interest totaled $143,716.83.[1]   Appellants filed their response claiming that summary judgment was inappropriate.  Specifically, Appellants claimed that they had orally agreed to assume and/or modify their parents' mortgage on the property and had made a lump sum payment of $8,500.00 in consideration of a new agreement and had made multiple monthly payments in the amount of $716.20 before Chase Bank refused to accept further payment.  Appellants submitted an affidavit from Appellant Larry Shoffner and other unauthenticated documents which purported to support their position.  Chase Bank filed a response to Appellants denying the existence of any oral agreement between the parties regarding the assumption of the existing

---

[1] Roth's affidavit delineated that the total amount due was as followed:  principal balance $94,641.23; interest $47,863.63, and deferred interest $1,211.97.

mortgage or a modification of the loan conveyed by their parents. Further, Chase Bank argued that even if such an oral agreement had existed, it was unenforceable under the statute of frauds because it pertained to an interest in land and was never reduced to writing.

{¶5} On June 27, 2017, the trial court granted Chase Bank's motion for summary judgment and ordered a decree of foreclosure to be issued.

{¶6} Appellants filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY IMPROPERLY APPLYING THE STANDARDS FOR RULING ON A MOTION FOR SUMMARY JUDGMENT. THERE WERE QUESTIONS OF MATERIAL FACT AND THE BANK WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

## ASSIGNMENT OF ERROR NO. 2

**THE UNDISPUTED FACTS BEFORE THE COURT REVEAL PART PERFORMANCE THAT TAKES THIS CASE OUT OF THE STATUTE OF FRAUDS. THE TRIAL COURT ERRED IN APPLYING THE STATUTE OF FRAUDS AS IT DID IN GRANTING THE BANK'S MOTION FOR SUMMARY JUDGMENT. IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT QUESTIONS OF MATERIAL FACTS EXISTED AS TO WHETHER PART PERFORMANCE REMOVED THE AGREEMENT FROM THE STATUTE OF FRAUDS.**

{¶7} For ease of discussion, we elect to address the assignments of error together.

{¶8} On appeal, Appellants contend that the trial court erred in granting Chase Bank's motion for summary judgment on the basis that the alleged oral agreement between the parties regarding an assumption and/or a loan modification was unenforceable under the statute of frauds.

*Standard of Review*

{¶9} We review a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336 (1996). Thus, this court conducts an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted).

{¶10} Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that

demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. Franklin No. 15AP-32, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Dresher* at 293.

*Relevant Law*

{¶11} Under the statute of frauds, an agreement concerning an interest in real property is unenforceable unless it is reflected in a signed writing containing all the essential terms of the agreement and signed by the party to be charged. R.C. 1335.04 and 1335.05. " '[A]greements that do not comply with the statute of frauds are unenforceable.' " *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, ¶ 20, quoting *Olympic Holding Co., L.L.C v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, ¶ 32. " 'The well-settled rule of the law is that a verbal contract within the condemnation of the statute of frauds cannot be enforced in any way, either directly or indirectly, and cannot be made either the ground of a demand or the ground of a defense.' " *Id.*, quoting *McGinnis v. Fernandes*, 126 Ill. 228, 232 (1888).

{¶12} In *FirstMerit Bank, N.A. v. Inks*, the mortgagor and mortgagee entered into an oral forbearance agreement requiring the mortgagor to pay funds in order to avoid foreclosure on the mortgaged property. *Inks*, 138 Ohio St.3d 384, 2014-Ohio-

789 at ¶ 8. The Supreme Court of Ohio held: "the alleged oral agreement between [mortgagor] and FirstMerit does pertain to an interest in land, because it involves the terms upon which FirstMerit allegedly agreed to release the mortgage. As such, even if it is characterized as a settlement agreement, it falls within R.C. 1335.05." *Id*. at ¶ 25. Thus, the Court in *Inks* held that "oral agreements that pertain to matters covered by the statute of frauds cannot be enforced *as either a claim or defense*." *Id*. at ¶ 27 (emphasis added).

**{¶13}** Here, Appellants do not dispute that the statute of frauds is implicated in this case by virtue of the alleged oral agreement pertaining to an interest in land, but rather they contend that the statute of frauds does not bar enforcement of the oral agreement based upon the doctrine of part performance.

**{¶14}** "Partial performance sufficient to remove a contract from the operation of the statute of frauds 'must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties in statu quo.' " *U.S. Bank v. Stewart*, 7th Dist. Columbiana No. 12 CO 56, 2015-Ohio-5469, ¶ 27, quoting *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 287 (1965). "[A]cts which do not unmistakably point to a contract existing between the parties, or which can be reasonably accounted for in some other manner than as having been done in pursuance of a

contract, do not constitute a part performance sufficient in any case to take it out of the operation of the statute [of frauds], even though a verbal agreement has actually been made between the parties." *Hughes v. Oberholtzer*, 162 Ohio St. 330, 339-40 (1954).

*Analysis*

{¶15} Before we reach the issue of part performance, we must first determine whether Appellants have established that there was an oral agreement *between the parties* regarding an assumption and/or a modification of the existing mortgage conveyed by Appellants' parents and relating to the real estate in question. In its judgment entry granting Chase Bank's motion for summary judgment, the trial court aptly provided a succinct review of the evidence and issues at hand:

> **[Appellants] claim to have assumed the mortgage and have also claimed modification to the mortgage. Other than self-serving statements, no evidence has been presented to support that claim. As [Chase Bank] rightly notes there is no right for the heirs of a deceased to assume the mortgage and, certainly, such assumption is not automatic. Further, although the bank may, it is not required to accept payments from the heirs after the death of the principal. *See Chico Credit Union, Inc.*, 12th Dist. Butler No. CA2011-05-089, 2012-Ohio-1123, [*see also*, *Gardner v. Cooke*, 12th Dist. Warren No. CA84-12-087 (July 31, 1985)].**
> **The issue, therefore, becomes whether [Chase Bank] agreed to and did permit the heirs to assume the mortgage. [Appellants] did not provide any evidence to demonstrate that [Chase Bank] agreed to permit the heirs to assume the mortgage. Scott Shoffner, in an affidavit filed, claims that "*Larry and I agreed* to assume the debt evidenced by the note signed by our parents…" Further, in that affidavit he claims "On or around July 29, 2008,**

> **Larry and I agreed** to a modification of the note…"[2] **In support of these claims attached to the affidavit is an Exhibit B. Exhibit B is a written statement by Scott Shoffner and Larry Shoffner. However, the court notes that the document is executed only by Scott Schoffner and Larry Shoffner, and *nothing in that document indicates that it was agreed to or accepted by [Chase Bank]*. Other documents attached to the affidavit are merely recitations of efforts made by Shoffner's to make payments, some of which were accepted [by Chase Bank] and some which were refused.**

(Doc. No. 124 at 3) (emphasis added).

{¶16} On appeal, Appellants point to the affidavit submitted by Appellant Scott Shoffner attached to their memorandum in opposition to Chase Bank's motion for summary judgment and several unauthenticated documents to support their position that a *separate oral agreement* was entered into by *these parties* pertaining to the loan secured by the real estate. In the affidavit Scott Shoffner states the following:

> **On or about July 29, 2008, Larry and I agreed to a modification of the Note such that we paid $8,500 in a lump sum to Chase and agreed to make payments of $716.20 per month to Chase for three months through September, 2008. See Exhibit B. The lump sum payment constituted consideration for the modification.**
> **Larry and I attempted to make our payment in September, 2008, such payment was refused by Chase, for reasons unknown to Larry and me. See Exhibit C.**
> **After many discussions trying to clear up the matter with Chase, Larry and I believed that, on or about November, 2008, Chase agreed to another modification or an affirmation of the previous modification of September, 2008, of the Note such that Larry and I became the obligors of a modified note within which**

---

[2] There is nothing in the record to indicate that Appellant Cathy Spears ever claimed to be a party to the alleged assumption or loan modification of her parents' mortgage with Chase Bank.

> **Larry and I were to make monthly payments of $716.20 per month, a payment of more than $200 more than the payments obligated to be made by Shirley and Lloyd Shoffner.**
> **From November, 2008, through April, 2009, Larry and I made monthly payments of $716.20. See Exhibit D.**

(Def. Ex. Y at2).

{¶17} At the outset, we note that the only evidence purporting to demonstrate that Appellants Larry and Scott Shoffner paid a $8,500.00 lump sum payment is the self-serving statement appearing in Scott Shoffner's affidavit cited above. Appellants point to "Exhibit B" in the record to support their position that such a lump sum payment was made evidencing consideration for a *separate oral agreement* between *these parties*. However, the document itself, which appears to express the terms of a loan modification, mentions nothing of a $8,500.00 payment, is only signed by Appellants Larry and Scott Shoffner without any line or space provided for a signature of a representative of Chase Bank, and thus fails to demonstrate any acceptance or intent on the part of Chase Bank to be bound by the stated terms.

{¶18} Appellants further claim that making payments to Chase Bank on what appears to be their parents loan account demonstrates the existence of an agreement between *these parties*. However, we concur with the trial court that the mere tendering of payments to Chase Bank to does not constitute any definitive proof that *Chase Bank* entered into a *separate oral agreement* with *Appellants* regarding an

assumption or a loan modification pertaining to the existing mortgage. Rather, such conduct simply suggests that Chase Bank may have accepted some of Appellants' voluntary payments on their parents' loan. Moreover, the fact that Chase Bank intermittently refused some of these payments and eventually rejected further payments all together is further indicative that no valid oral agreement between the parties existed. Thus, the record in this instance lacks any evidence of *mutual conduct* by the parties to establish that a separate oral agreement regarding Appellants assuming and/or modifying their parents' loan was made.

{¶19} The facts of the case *sub judice* are less compelling than the facts in *Fifth Third Mtge. Co. v. Perry*, which also involved an alleged oral agreement between an heir and the mortgagee regarding a modification of an existing loan held by the estate. In *Perry*, the Fourth Appellate District similarly found that the statute of frauds rendered an alleged oral modification to the mortgage between the assignee of the mortgage and the son of the mortgagor, who received title to property by transfer on death deed, unenforceable. *Perry*, 4th Dist. Pickaway No. 15CA22, 2016 Ohio-7811. Upon taking title to the real estate, the son continued to make payments on the loan held by the estate, but eventually defaulted. *Id.* at ¶ 9. The son claimed that he reached an oral agreement with the bank, under which the bank would withhold from foreclosing the mortgage conveyed by his father, if he paid a

lump sum of $5,000.00 and agreed to a modified payment plan on his father's debt. *Id.* at ¶ 11.

**{¶20}** The son claimed that he made the lump sum payment and was told by the Bank's representative that a new loan coupon book would be issued with which he could resume making payments. *Id*. ¶ 12. The son received the new coupon book and made the first payment well in advance of the first due date, which was initially accepted by the bank. *Id.* However, the bank had already filed a foreclosure complaint prior to receiving the son's first payment and had refused son's attempt to tender a second payment. *Id.*

**{¶21}** During the trial court proceedings, the bank acknowledged that a $5,000.00 payment was posted to the account but contended that the payment was made to bring father's existing loan current. *Perry*, 2016 Ohio-7811 at ¶ 16. The bank also recognized that son had tendered the first payment pursuant to the coupon book, but maintained that the payment was returned to the same address to where the coupon book was sent along with numerous letters of default regarding the father's existing loan. *Id*. The court in *Perry* determined the holding in the previously mentioned *Inks* case to be dispositive, and found that "the Statue of Frauds renders the oral modification to the mortgage unenforceable; and summary judgment in favor of the [bank] was appropriate. *Id*. at ¶ 36.

{¶22} This case presents even fewer facts in the record than in *Perry* establishing the existence of an oral agreement between Appellants and Chase Bank regarding an assumption and/or a modification of the existing loan. Even assuming, *arguendo*, that the record contained such facts, the authority in *Inks* and *Perry* clearly hold that the statute of frauds bars enforcement of such an agreement. Thus, we conclude that the record does not contain any evidence that a *genuine issue of material fact* exists as to whether the parties entered into an oral agreement pertaining to the real estate, or whether Appellants were in privity with Chase Bank concerning an existing loan on the real estate to challenge its terms. Since we do not find any merit to Appellants' arguments on appeal that an oral agreement for a new loan was entered into by the parties, it is unnecessary to address whether the doctrine of partial performance applies to the facts of this case. Accordingly, we overrule the first and second assignments of error and conclude that the trial court's granting of summary judgment in the favor of Chase Bank's was appropriate.

{¶23} Based on the foregoing, the assignments of error are overruled and the judgment of trial court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**

Case No. 17-17-10